Sullivan,
No. 4665.

STATE *v.* GLORIS R. LEMELIN.

Argued September 3, 1958.

Decided October 7, 1958.

*Louis C. Wyman*, Attorney General, *John J. Zimmerman*, Assistant Attorney General, and *George E. Zopf*, county solicitor (*Mr. Zimmerman* orally), for the State.

*Gerald F. Giles* (by brief and orally), for the defendant.

DUNCAN, J. The issue presented by the defendant's exception is controlled by statute. See annos. 123 A. L. R. 446; 48 A. L. R. (2d) 663, 696. The basic provisions of RSA ch. 169 were enacted in 1937. Laws 1937, c. 152. The act provides that municipal courts shall have "exclusive" original jurisdiction of cases within the act, with authority to certify any felony case to the Superior Court. RSA 169:21, 29. *Cf.* P. L., c. 110, ss. 4, 31. The act is expressly made applicable "only to those children under the age of eighteen years" (RSA 169:1); and the jurisdiction of the municipal court is, to be invoked by petition to such a court in the county in which "the child is found or resides." RSA 169:3. The word "child" is expressly defined as "any boy or girl under the age of eighteen years." RSA 169:2 III.

As originally filed the bill which became Laws 1937, c. 152, now RSA ch. 169, did not contain the provisions appearing in RSA 169:26, 27, but they were inserted in the bill in new draft, before passage. See House Bill 404, 1937 session. Section 26, *supra*, states that the purpose of the act is "that the care, custody and disposition of the child shall approximate as nearly as may be that which should be given by his parents . . . . " This language is identical with that of the statute which it replaced. See P. L., c. 110, *supra, s.* 32.

It is apparent that the exclusive jurisdiction conferred upon municipal courts by the applicable statute is limited to proceedings relating to children who are under eighteen years of age when the proceedings are brought. As to such children, the Superior Court is now without original jurisdiction, unless a felony is charged and the case is certified to it by the municipal court. RSA 169:21, *supra. Cf. State* v. *Burt*, 75 N. H. 64. In the case of a "delinquent" child, once the jurisdiction of the municipal court attaches it continues until the child reaches twenty-one, unless the child is previously discharged or the case released to the Superior Court.

RSA 169:1. But as we read the statute, no provision is made for attachment of the jurisdiction of the municipal court under this statute if the child is eighteen or over when the proceedings are commenced. RSA 169:1, 3, *supra.*

The provisions of section 26 stating the purpose of the enactment confirm this view. The primary purpose of the Legislature was to shield children under eighteen from the environment surrounding adult offenders and inherent in the ordinary criminal processes. *State* v. *Burt, supra.* As an incident to the accomplishment of this purpose, proceedings involving children under eighteen are so conducted as to prevent attachment of "the stigma of a criminal" (*United States* v. *Fotto,* 103 F. Supp. 430, 431, S. D. N. Y. 1952) by reason of conduct resulting from immature judgment. See *In re Poulin,* 100 N. H. 458. It does not follow however that our statute was intended to apply to children of eighteen or over on account of acts committed at an earlier age. In this respect it differs from the federal statute construed in *United States* v. *Fotto, supra,* which expressly applied to violations of law "committed" by persons under eighteen.

We find nothing in the statute to indicate a legislative purpose to curtail the jurisdiction of the Superior Court over children of eighteen or over, even though an offense is charged to have been committed when they were under that age. In the absence of any provision clearly extending the exclusive jurisdiction of municipal courts to such children on account of such offenses, the jurisdiction of the Superior Court must be held to remain in effect.

While in borderline cases the institution of proceedings after the child has become eighteen arising out of acts done before that time, as in this case, will have the effect of denying him statutory benefits to which he might have been entitled earlier, we have no reason to suppose that prosecuting attorneys will deliberately delay prosecutions for that reason. If the statute should be thought to produce an undesirable result, the remedy lies with the Legislature.

The motion was properly denied, and the order is

*Exception overruled.*

All concurred.