Commonwealth *v.* Kempisty, Appellant.

Argued November 13, 1959. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

*James B. Ceris,* with him *Samuel L. Goldstein,* for appellant.

*Richard P. Steward,* District Attorney, for Commonwealth, appellee.

Opinion by Watkins, J., March 24, 1960:

The appellant, Mary Kempisty, was charged with and found guilty, in the Court of Quarter Sessions of Beaver County, of contributing to the delinquency of one Richard Allan Sutton, a child of the age of 17 years, to whom the jurisdiction of the Juvenile Court of Beaver County had attached, by permitting beer to be served to him on November 21, 1958 on her licensed premises. Motions for a new trial and in arrest of judgment were denied and the appellant was sentenced to pay the costs, a fine of $500 and to undergo imprisonment in the Beaver County jail for a term of three months. This appeal followed.

The misdemeanor for which this appellant was indicted is set forth in the Act of June 2, 1933, P. L. 1433, Sec. 20, 11 PS §262 which reads as follows: "Any person who contributes to the delinquency of any child to whom the jurisdiction of any juvenile court within this Commonwealth has attached, or shall hereafter attach, or who knowingly assists or encourages such child in violating his or her parole or any order of the said court, shall be guilty of a misdemeanor, and, upon conviction, shall be sentenced to pay a fine of not more than five hundred dollars, or to undergo imprisonment for a term not exceeding three years, or both, at the discretion of the court.

"In trials or hearings upon charges of violating the provisions of this section, knowledge of the delinquent child's age, and of the said court's orders and decrees concerning such child, shall be presumed in the absence of satisfactory proof of the contrary."

The Commonwealth proved that a sale of beer was made to the minor on the date in question by the son of the appellant on her licensed premises, but the Commonwealth revealed in its own evidence, that at the time of the said sale, the appellant was not on the licensed premises but was sleeping in the apartment

upstairs. The evidence further shows that she had no knowledge of the minor's presence on the premises or the sale by her son, and that she did not consent to the sale and had specifically instructed the son not to make such sales to any minor.

The court below dismissed the defendant's motion for arrest of judgment by saying, "we conclude that there is no merit in this motion and it will be overruled." The court below evidently was constrained to believe that this case, so far as the motion in arrest of judgment was concerned, was controlled by *Com. v. Koczwara*, 188 Pa. Superior Ct. 153, 146 A. 2d 306 (1958).

However, in that case, the court sustained a conviction and sentence under the Liquor Code of April 12, 1951, P. L. 90, 47 PS page 221. The licensee was indicted for a violation of the Code in that a bartender, the agent of the licensee, sold to minors. As a result of the conviction the defendant licensee was sentenced to pay a fine and undergo imprisonment for a term of three months.

An allocatur was granted by the Supreme Court and in an opinion filed November 25, 1959, 397 Pa. 575, 155 A. 2d 825, the judgment of sentence was affirmed but modified by striking from the sentence the three months imprisonment, on the ground that this constituted a violation of due process. Mr. Justice COHEN, speaking for the majority of the Court, said at page 586, "This Court is ever mindful of its duty to maintain and establish the proper safeguards in a criminal trial. To sanction the imposition of imprisonment here would make a serious change in the substantive criminal law of the Commonwealth, one for which we find no justification. We have found *no* case in any jurisdiction which has permitted a *prison term* for a vicarious offense. The Supreme Court of the United States has had occasion only recently to impose due process limi-

tations upon the actions of a state legislature in making unknowing conduct criminal. Lambert v. California, 355 U. S. 225, 78 S. Ct. 240 (1957). Our own courts have stepped in time and again to protect a defendant from being held criminally responsible for acts about which he had no knowledge and over which he had little control. Commonwealth v. Unkrich, 142 Pa. Superior Ct. 591, 16 A. 2d 737 (1940); Commonwealth v. Schambers, 105 Pa. Superior Ct. 467, 161 Atl. 624 (1932); Commonwealth v. Rovnianek, 12 Pa. Superior Ct. 86 (1899). We would be utterly remiss were we not to so act under these facts."

The reasoning of the Court in the *Koczwara* case was that nowhere in the Code appears an intention to limit unlawful sales to minors or their unlawful presence on the premises to willful and intentional violations by the licensee himself or even by an employee in charge of the place in his absence, so that lack of intent or ignorance of facts contemplated by the Code do not excuse the violations.

So also, the fact that the violations were done in the absence of the licensee by a bartender or other agent does not invalidate such a conviction. As Judge Hirt put it, in *Com. v. Koczwara,* supra, at page 156, "Of necessity the responsibility of actual operation had to be delegated to some extent in these places, and the bartender, when in charge of the Jackson Street tavern during defendant's absence, was more than a mere servant; he was defendant's agent and the defendant therefore became legally responsible for his illegal acts while operating the business."

There is no question but that if this appellant had been arrested as a licensee for violation of the liquor code that *Com. v. Koczwara,* supra, would be controlling, but only a sentence involving a fine could have been imposed.

But here we have the appellant convicted, not as a licensee under the Liquor Code, but as "any person who contributes to the delinquency of a child." Under this act, not only would the appellant be a victim of "vicarious criminal liability", but she would also be subject, vicariously, to the provision of the act that knowledge of the delinquent child's age and of the court's order or decree concerning such child were presumptions of fact so that lack of knowledge of the child's age or the order of court were not available to her as defenses. *Com. v. Sarricks,* 161 Pa. Superior Ct. 577, 56 A. 2d 323 (1948).

This appellant might well have been indicted for the sale of the intoxicating beverage or for that matter the gift of the beverage to the minor, if it were done in her own home. " 'Delinquency' is a very broad term involving in some cases a single act and in others a course of conduct, sometimes with no single act sufficiently serious to warrant a finding of delinquency. . . . 'Contributing to delinquency' is also a broad term involving conduct toward a child in an unlimited variety of ways which tends to produce or to encourage or to continue conduct of the child which would amount to delinquent conduct." *Com. v. Stroik,* 175 Pa. Superior Ct. 10, 102 A. 2d 239 (1954).

Certainly the fact that this appellant was a licensee and her son or her bartender or other agent committed a crime such as assault and battery or rape, the theory of vicarious responsibility could not apply. The basis of the *Koczwara* case is explained by Mr. Justice COHEN in *Com. v. Koczwara,* supra, at page 579, where he says, "While an employer in almost all cases is not criminally responsible for the unlawful acts of his employees, unless he consents to, approves, or participates in such acts, courts all over the nation have struggled for years in applying this rule within

the framework of 'controlling the sale of intoxicating liquor.' See Anno., 139 A.L.R. 306 (1942). At common law, any attempt to invoke the doctrine of *respondeat superior* in a criminal case would have run afoul of our deeply ingrained notions of criminal jurisprudence that guilt must be personal and individual. In recent decades, however, many states have enacted detailed regulatory provisions in fields which are essentially non-criminal, *e.g.*, pure food and drug acts, speeding ordinances, building regulations, and child labor, minimum wage and maximum hour legislation. Such statutes are generally enforceable by light penalties, and although violations are labelled crimes, the considerations applicable to them are totally different from those applicable to true crimes, which involve moral delinquency and which are punishable by imprisonment or another serious penalty." And further at page 583, "As the defendant has pointed out, there is a distinction between the requirement of a mens rea and the imposition of vicarious absolute liability for the acts of another. It may be that the courts below, in relying on prior authority, have failed to make such a distinction. In any case, we fully recognize it. Moreover, we find that the intent of the legislature in enacting this Code was not only to eliminate the common law requirement of a mens rea, but also to place a very high degree of responsibility upon the holder of a liquor license to make certain that neither he nor anyone in his employ commit any of the prohibited acts upon the licensed premises. Such a burden of care is imposed upon the licensee in order to protect the public from the potentially noxious effects of an inherently dangerous business."

It should be pointed out that the opinion of Judge SOHN, for the court below, was written on July 21, 1959 so that he did not have the benefit of the modification of this Court's determination in *Com. v. Kocz-*

*wara,* supra, by the Supreme Court on November 25, 1959.

A careful examination of the *Koczwara* case clearly discloses the Supreme Court's intention that the doctrine enunciated therein should not be extended beyond its stated limited confines. We do not think it is necessary to discuss the questions of error raised in the motion for a new trial because we are convinced there was insufficient evidence to sustain this conviction; that the demurrer should have been sustained; that the request for binding instructions should have been granted; and that the judgment should have been arrested.

Judgment of sentence reversed and defendant discharged.