Berlin District Court,
No. 5876.

STATE *v.* EARL CROSS.

February 26, 1971.

*Warren B. Rudman,* Attorney General and *David H. Souter,* Assistant Attorney General, filed no brief.

*Earl F. Gage,* by brief, for the defendant.

PER CURIAM. The reserved case discloses that two complaints were brought in the Berlin District Court against the defendant which charged as follows: ( 1 ) " That the defendant . . . did commit the offense of lewdness, contrary to RSA 579:3 . . . in that the defendant was guilty of gross lewdness and lascivious behavior, in that the said Earl Cross did on August 15, 1968, cause one Lucille Stranger, a juvenile female child of the age of 16 years, to accompany him to his apartment at 963 Western Ave., in Berlin, and did then and there have carnal copulation with the said Lucille Stranger, the said Earl Cross not being married to the said Lucille Stranger, against the peace and dignity of the State. " ( 2 ) " That the defendant . . . did commit the offense of contributing to delinquency of a minor, contrary to RSA 169:32 . . . in that the defendant did knowingly aid, cause, promote and contribute to the delinquency of a juvenile, to wit, one Lucille Stranger, age 16, in that at vari-

ous times during the month of August, 1968, the said Earl Cross did cause the said Lucille Stranger to accompany him to his apartment at 863 Western Ave., in Berlin, for the purpose of performing and committing indecent and immoral acts with the said Lucille Stranger, against the peace and dignity of the State. "

The reserved case further states: " The only testimony presented by the State, in support of these complaints, tending to establish carnal copulation by the defendant with Lucille Stranger, was that of Lucille Stranger. No petition has been brought before the Berlin District Court charging Lucille Stranger with being a delinquent because of her alleged conduct with the defendant Earl Cross, under the provisions of RSA 169.

" At the close of the State's evidence, the defendant moved for the dismissal of both complaints, on the grounds that, in essence, the alleged conduct of the defendant with Lucille Stranger constituted the crime of fornication, and that he could not be convicted on either complaint ' solely upon the testimony of a partner in guilt ' in view of the provisions of RSA 579:4. "

Upon the defendant's motions for dismissal of both complaints, the questions of law thereby raised were reserved and transferred to this court without ruling, under RSA 502-A:17-a, by *J. L. Blais*, District Court Judge. In this court, the State thereafter moved to remand the case without decision of the transferred questions.

The defendant claims that the complaints must be dismissed because of the provisions of RSA 579:4 which read as follows: " If any person shall be guilty of fornication such person shall be fined not more than fifty dollars, or imprisoned not more than six months; but no person shall be convicted solely upon the testimony of a partner in guilt. "

It is established law here that the requirement of the testimony of more than one witness in order to convict of an offense is an exception to the general rule and is not required unless expressly so provided by the Constitution or statute. *State* v. *Desilets*, 96 N.H. 245, 73 A.2d 800 ( 1950 ). RSA 579:3, which defines the offense with which the defendant is charged, states: " If any person shall be guilty of gross lewdness or lascivious behavior such person shall be imprisoned not more than six months or fined not more than two hundred dollars, or both . . . . "

The defendant argues in effect that to prove the offense with which he is charged, the State must prove fornication. This is not so. Clearly one may be guilty of lascivious behavior without committing the offense of fornication. RSA 579:4 provides that the defendant shall not be "convicted" of the crime of fornication except upon corroborating testimony. It does not prevent the use of evidence of fornication for purposes other than conviction of that offense. The offenses under section 3 and section 4 are separate and distinct. That the alleged behavior of the defendant was "lascivious" and a violation of section 3 there can be no doubt. *State* v. *Lizotte*, 101 N.H. 494, 148 A.2d 91 (1959). The acts alleged in the complaint here go much further than those in the *Lizotte* case. In short, the offense with which the defendant was charged under section 3 did not require that the State first prove him guilty of fornication, under section 4.

In regard to the charge of contributing to the delinquency of a minor (RSA 169:32 as amended by Laws 1965, 129:1), the defendant offers the same defense, namely that he must first be convicted of fornication, which he cannot be because of 579:4. Again we hold that while he could not be convicted of fornication because of section 4, nevertheless the testimony of the minor was admissible to prove that he contributed to her delinquency under RSA 169:32 (supp.) which was in effect at the time of the alleged offense. This provides, so far as material, that anyone "who . . . has knowingly or wilfully done any act to produce, promote or contribute to the delinquency" of a minor may be found guilty of the offense proscribed.

The words "found to be delinquent," which orginally appeared in the statute (RSA 169:32) were stricken by the 1965 amendment. Laws 1965, 129:1. It is therefore clear that the fact that the minor had not been found a delinquent in court proceedings under chapter 169 is immaterial. We need not labor the point that the acts alleged in the complaint could be found to have contributed to the minor's delinquence under RSA 169: 2 (II), since in the words of that section they were such as to "endanger the health or morals of [herself] or others."

The State's motion to remand is denied; the defendant's motions to dismiss the complaints, based upon the provisions of RSA 579:4 are likewise denied. The order is

*Remanded.*