Hillsborough
No. 6392

STATE OF NEW HAMPSHIRE v. DENIS M. VACHON

May 31, 1973

*Warren B. Rudman,* attorney general, and *Robert V. Johnson II,* assistant attorney general *(Mr. Johnson* orally), for the State.

*Sheehan, Phinney, Bass & Green* and *James E. Higgins (Mr. Higgins* orally) for the defendant.

Lampron, J. Appeal from a jury-waived trial before *Loughlin,* J. which resulted in a verdict of guilty. The complaint charged that the defendant wilfully contributed to the delinquency of a minor in violation of RSA 169:32 by selling or causing to be sold to a 14-year-old girl a button with obscene material, namely, the slogan "Copulation Not Masturbation", knowing her to be a minor. Defendant's exceptions to the denial of his pretrial motion to dismiss on the grounds that the button was not obscene as a matter of law, and that he had been denied his right to a speedy trial, that the admission of certain evidence constituted prejudicial error, that the denial of his motion to dismiss at the close of the State's case was improper, and to the verdict of guilty were reserved and transferred.

RSA 169:32 (Supp. 1972) provides in part as follows: "Any parent or guardian or person having custody or control of a child, or anyone else, who shall knowingly or wilfully encourage, aid, cause, or abet, or connive at, or has knowingly or wilfully done any act to produce, promote, or contribute to the delinquency of such child, may be punished by a fine of not more than five hundred dollars or by imprisonment for not more than one year or both." Section 2 of this chapter, insofar as material, defines a "delinquent child" as "[a]ny child who violates any law of this state or any city or town ordinance or who so deports himself as to injure or endanger the health or morals of himself or others." Section 26 provides that the provisions of this chapter are to be construed in the light of their intended purpose to protect minors from influences which might lead them to deportment injurious to their health or morals. *See State v. Lemelin,* 101 N.H. 404, 144 A.2d 916 (1958); Report of Commission to Recommend Codification of Criminal Laws, comments at 81 (1969).

Defendant operated a "Head Shop" on a "back alley" in Manchester where he sold "all kinds of things like beads, and a few dresses and posters." On July 26, 1969, the minor in question, then 14 years of age, accompanied by a girl friend went to this shop seeking to purchase a button or pin like that purchased by her friend the previous week. They looked around and found a velvet display card on a counter. The minor involved picked out a pin bearing the

slogan described in the complaint. She showed it to someone in the store, whose name she does not know, and paid him twenty-five cents for it. The two girls then went out to eat and later to a rectory in Manchester. A priest they were visiting "saw" the pin, explained its full meaning to them, and took it away. At a jury-waived trial the defendant was found guilty, sentenced to 30 days in the house of correction and fined $100.00.

The defendant argues that an essential element of the crime of contributing to the delinquency of a minor is proof that the act charged resulted in an adjudication of the minor's delinquency. This court has recently held "that the fact that the minor had not been found a delinquent in court proceedings under chapter 169 is immaterial." *State v. Cross,* 111 N.H. 22, 24, 274 A.2d 880, 882 (1971). A similar result has been reached in many other jurisdictions. *State v. Blount,* 60 N.J. 23, 27, 286 A.2d 36, 38 (1972); Annot., 18 A.L.R.3d 824 (1968); 43 C.J.S. *Infants* § 13, at 69-70 (1945). RSA ch. 169 is not only intended to protect delinquents, but more importantly to prevent nondelinquent minors from becoming delinquents. *Lovvron v. State,* 215 Tenn. 659, 389 S.W.2d 252 (1965). This purpose is best accomplished by protecting the latter from influences which might lead them to actual delinquency. *State v. Cross supra; Ginsberg v. New York,* 390 U.S. 629, 640-41, 20 L. Ed. 2d 195, 204-05, 88 S. Ct. 1274, 1281 (1968).

To sustain a violation of RSA 169:32 (Supp. 1972), the State need only prove that the acts of the defendant could reasonably be found to contribute to cause delinquency by endangering the morals of the minor herself or others. *State v. Locks,* 94 Ariz. 134, 382 P.2d 241 (1963). The State need not prove that the defendant's act has an absolutely certain and unmistakable tendency to cause the minor to lead an idle, dissolute, or immoral life. *People v. Miller,* 145 Cal. App. 2d 473, 477-78, 302 P.2d 603, 607 (1956).

Evidence of the slogan on the pin was introduced by the State. We cannot hold erroneous as a matter of law the finding and ruling implied in the verdict of guilty that the button was obscene within the standards to be applied to minors. *Ginsberg v. New York,* 390 U.S. 629, 20 L. Ed. 2d 195, 88

S. Ct. 1274 (1968); *see* RSA 571-A:1 (Supp. 1972); RSA 571-B:1 (Supp. 1972). We also hold that the trial court could properly find and rule that the mere possession of the button could be injurious to the minor's moral well-being by tending to convince her that copulation by a 14-year-old girl was an acceptable act. Similarly, the wearing of the pin could lead to immoral solicitations thereby endangering her morals and those of others. *People v. Miller supra; State v. Blount,* 60 N.J. 23, 286 A.2d 36 (1972); *State v. Locks,* 94 Ariz. 134, 382 P.2d 241 (1963); *State v. Hixson,* 16 Ariz. App. 251, 492 P.2d 747 (1972).

It is uncontested that the defendant was in control of the premises where the sale was made. There was evidence that a girl friend of this minor had previously purchased there a pin "like that". These pins were displayed on a card on a counter. The trial court saw the minor and had an opportunity to conclude whether her minority should have been apparent to whoever sold the pin. The court could find that the defendant was aware of the character of the pins which were being offered for sale and sold in his establishment.

Defendant is charged with wilfully contributing to the delinquency of a minor by selling or causing to be sold to her the button in question. To act wilfully is "to act voluntarily and intentionally and not because of mistake or accident or other innocent reason." *State v. Contreras,* 105 R.I. 523, 536-37, 253 A.2d 612, 620 (1969); *accord, People v. Reznick,* 75 Cal. App. 2d 832, 838, 171 P.2d 952, 956 (1946). The trial court could properly find and rule that the sale of this button to the minor was intentional. The trial court could further conclude that the seller of this type of button should have realized that it would tend to be harmful to the morals of the purchaser or others. RSA 169:32 (Supp. 1972). This would warrant a finding and ruling that the defendant wilfully contributed to the delinquency of this minor as charged in the complaint. *See State v. Sparrow,* 276 N.C. 499, 173 S.E.2d 897 (1970); Annot., 31 A.L.R.3d 848, 851, 854-60 (1970).

Defendant's exception to the admission of evidence of a prior purchase in defendant's shop by the minor's girl friend of a similar pin is overruled. The evidence was admissible

to show the absence of mistake or accident in the sale complained of. *State v. Locks,* 94 Ariz. 134, 137, 382 P.2d 241, 243 (1963). There is no indication that undue prejudice resulted to the defendant from its admission. *Bunten v. Davis,* 82 N.H. 304, 311, 133 A. 16, 20 (1926). McCormick, Evidence 438-41 (2d ed. 1972).

Defendant also maintains that his constitutional right to a speedy trial has been violated. The sale occurred on July 26, 1969, the complaint was filed on December 16, 1969, and he was tried and convicted in the district court soon thereafter. The appeal to superior court was called for trial on November 4, 1970. Defendant's counsel asked for a continuance and thereafter on November, 1970, two additional charges were filed against him. On January 8, 1971, he filed a motion to dismiss which was heard on February 17, 1971, and denied. The case was heard on June 11, 1971. This is not a history of "purposeful or oppressive" delays. *United States v. Ewell,* 383 U.S. 116, 120, 15 L. Ed. 2d 627, 631, 86 S. Ct. 773, 776 (1966); *State v. Coolidge,* 109 N.H. 403, 412, 260 A.2d 547, 554 (1969).

*Exceptions overruled.*

GRIMES, J., dissented; the others concurred.

GRIMES, J., dissenting:

In my view the statute as construed by the court is void for vagueness. It forbids acts "in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *Connally v. General Constr. Co.,* 269 U.S. 385, 391, 70 L. Ed. 322, 328, 46 S. Ct. 126, 127 (1926); *State v. Albers,* 113 N.H. 132, 303 A.2d 197 (1973); *Entertainment Ventures, Inc. v. Brewer,* 306 F. Supp. 802 (M.D. Ala. 1969); *Coon v. Cupp,* 467 P.2d 140 (Ore. App. 1970); *State v. Hodges,* 457 P.2d 491 (Ore. 1969); Paulsen, *The Legal Framework For Child Protection,* 66 Colum. L. Rev. 679 (1966). Although I agree with the lofty purposes of the statute, they cannot constitutionally be accomplished by placing persons in a position of not knowing what conduct is prohibited and what is not. No one has been able to determine what conduct

tends to produce delinquency of the type defined as deportment "as to injure or endanger the health or morals of himself or others". RSA 169:2 (Supp. 1972). A citizen can never know whether some act or omission of his "might just possibly, sometime, somewhere lead to some child's becoming a delinquent". *State v. Crary,* 10 Ohio Ops. 2d 36, 155 N.E.2d 262, 265 (1959); *see Grayned v. Rockford,* 408 U.S. 104, 33 L. Ed. 2d 222, 92 S. Ct. 2294 (1972).

I would construe our statute more narrowly and thus avoid the constitutional invalidity. The statute by its terms requires proof that the defendant has "knowingly and wilfully done any act to produce, promote or contribute to the delinquency of such child". RSA 169:32 (Supp. 1972). There must in other words be some criminal intent. *See* Annot., 31 A.L.R.3d 848, 860 (1970). I believe that it must not only be proved that the defendant knowingly committed the act but also that he knew that it was an act which was likely to produce delinquency in the child.

In this case there is no evidence whatever that the defendant sold the button, that he knew it had been sold to a minor, that he authorized such sales to minors or that he was even in the store at the time of the sale. He was not shown to have the necessary criminal intent and in a case such as this it cannot be imputed to him from acts of an agent not directed by him. *Opinion of the Justices,* 25 N.H. 537, 541 (1852); *Commonwealth v. Kempisty,* 191 Pa. Super. 602, 159 A.2d 541 (1960); 22 C.J.S. *Criminal Law* § 84 (1961).