Strafford
No. 6727

STATE OF NEW HAMPSHIRE

v.

WALTER MOODY

April 30, 1974

*Warren B. Rudman,* attorney general, and *Gregory H. Smith,* attorney (*Mr. Smith* orally), for the State of New Hampshire.

*Fisher, Parsons, Moran & Temple* and *Robert E. Fisher (Mr. Fisher* orally) for the defendant.

GRIMES, J. Defendant was found guilty by a jury of incest with his daughter on September 9, 1972. His exceptions to certain rulings of the court were transferred by *Mullavey,* J.

Defendant contends that the court erred in not granting a dismissal on the State's opening statement. The county attorney made a brief opening statement in which he stated that the State would introduce evidence to prove beyond a reasonable doubt that defendant on September 9, 1972, had sexual intercourse with his daughter Marie who was seventeen years old at the time. Defendant then moved to dismiss on the "grounds that the opening statement did not outline all of the elements of this offense." The court allowed the State to reopen and denied defendant's motion subject to exception. The prosecution then reopened and stated that at "the time this took place on September 9th that Walter Moody knew Marie Moody was his own daughter." No further motions or objections with respect to the opening statement were made.

Defendant's motion was based on a failure to "outline all of the elements" of the offense. No mention was made as to the lack of evidentiary facts. The court properly allowed the State to amend. *See State v. Comparone,* 110 N.H. 398, 269 A.2d 131 (1970); *State v. Petkus,* 110 N.H. 394, 269 A.2d 123 (1970). On reopening, the prosecution supplied the only defect complained of. No further objection, exception, or motion was made after the reopening and there is therefore no question for this court to consider.

Defendant's second contention is that the trial court erred in not instructing the jury that corroboration of Marie's testimony was required since it is by statute required for a conviction of fornication (RSA 579:4) and the jury was instructed that fornication was a lesser included offense. There was no need for such an instruction in this case as there was in fact ample evidence of corroboration. Marie testified that during the early morning of the day following the day she and her sister went with their father to a horse show or auction, he came into her room where she was sleeping with

her sister and had intercourse with her. This she said was September 9, 1972. The sister also testified that during the night following the visit to the horse show her father came into the room where she was sleeping with Marie and had intercourse with Marie. The defendant took the stand and acknowledged that Marie was his daughter. The testimony of the sister was not only sufficient corroboration but was sufficient to support a conviction apart from Marie's testimony. The fact that there was some reference to Labor Day which was September 4th would not prevent the use of the evidence for conviction. Both girls testified it occurred during the night following the visit to the horse show and this is sufficient to support the conviction. *State v. Proulx*, 110 N.H. 187, 263 A.2d 673 (1970); *State v. Skillings*, 99 N.H. 427, 113 A.2d 490 (1955); *State v. Perkins*, 70 N.H. 330, 47 A. 268 (1900). The charge was as favorable to the accused as he was entitled to. *State v. Cross*, 111 N.H. 22, 274 A.2d 880 (1971); *State v. Blake*, 113 N.H. 115, 123, 305 A.2d 300, 305 (1973).

*Exceptions overruled.*

All concurred.