**Frank R. MILLARD,**
**Petitioner-Appellant,**

v.

**James A. LYNAUGH, Interim Director,**
**Texas Department of Corrections,**
**Respondent-Appellee.**

No. 85–1448.

United States Court of Appeals,
Fifth Circuit.

March 4, 1987.

Ronald Frappier, Jenkins & Gilchrist, Mark D. Wigder, Dallas, Tex., (ct. apptd.), for petitioner-appellant.

Frank Roger Millard, pro se.

William C. Zapalac, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for respondent-appellee.

Before REAVLEY and POLITZ, Circuit Judges, and ROBINSON,* District Judge.

MARY LOU ROBINSON, District Judge:

Petitioner Frank Roger Millard was convicted of aggravated robbery and sentenced to an enhanced 35 year prison term by a Texas jury. Millard appeals from the federal district court's denial of his petition for writ of habeas corpus. He raises issues based on the following theories: denial of right to a speedy trial, invalid sentence enhancement, double jeopardy, ineffective assistance of counsel, and improper imposition of abuse of writ sanction by the Texas Court of Criminal Appeals. We affirm the district court's denial of habeas relief.

## BACKGROUND

In 1977, Petitioner was convicted of aggravated robbery and was sentenced as an habitual offender to a mandatory sentence of life imprisonment based on a jury finding of two prior felony convictions. On June 6, 1979, the Texas Court of Criminal Appeals ruled that one of the prior convictions used for enhancement of punishment was void because the underlying indictment was fatally defective. *Ex Parte Millard,* 587 S.W.2d 703, 705 (Tex.Crim.App.1979) (en banc). The court set aside Petitioner's conviction and remanded the case to the state district court for retrial. *Id.*

On October 8, 1979, Petitioner filed an application for writ of habeas corpus with the state trial court pursuant to the speedy trial provisions of the Texas Code of Criminal Procedure. On October 12, 1979, Petitioner signed a Defendant's Waiver of Statutory Speedy Trial.

On December 2, 1980, Petitioner was retried and convicted of the primary offense of aggravated robbery. Petitioner's conviction was enhanced by a single prior felony conviction. He was sentenced as a repeat offender to 35 years in the state penitentiary. Petitioner's conviction was affirmed by the Texas Court of Appeals.

Millard made several unsuccessful attempts to obtain state habeas relief from his second conviction. On June 9, 1982, the Texas Court of Criminal Appeals cited Petitioner for abuse of the writ and prohibited Petitioner from filing further state habeas applications "unless the applicant has first shown that any contentions presented have not been raised previously and a showing is made that they could not have been presented in any earlier application for habeas relief." Thus, Petitioner has exhausted his state remedies.

Petitioner filed an original and an amended federal petition for writ of habeas corpus. An evidentiary hearing was held by the United States Magistrate on December 20, 1984. On April 10, 1985, the Magistrate filed his third and final report recommending that Petitioner's application for habeas relief be denied and dismissed. The district court adopted the Magistrate's recommendations and entered judgment denying Petitioner's requested habeas relief.

### 1. *Speedy Trial.*

The United States Magistrate held an evidentiary hearing on Petitioner's contention that he was denied the right to a speedy trial under the Texas Speedy Trial Act, Tex.Code Crim.Pro. art. 32A.02 (Vernon Supp.1987). The Magistrate found that Petitioner had knowingly and intelligently signed a waiver of his statutory speedy trial rights in hopes of encouraging continued plea negotiation with the state. The Magistrate further found that the subsequent written motions for speedy trial and a motion to withdraw the waiver were filed in the midst of ongoing plea negotiations and were a deliberate attempt by Petitioner to create a speedy trial issue for future habeas consideration. The Magis-

---

* District Judge of the Northern District of Texas, sitting by designation.

trate's findings were adopted by the district court. They are supported by the record including the testimony of Millard's lawyer and are not clearly erroneous. *See Hayes v. Maggio,* 699 F.2d 198, 201 (5th Cir.1983).

Petitioner's claim that his speedy trial rights were violated by the state's failure to reprosecute him within the 120 days prescribed by the. Texas Speedy Trial Act, Tex.Code Crim.Pro. art. 32A.02 (Vernon Supp.1987), is without merit. "The statute does not provide a technique to force dismissal because of delays in which the defendant has been a willing participant." *Cockrell v. State,* 632 S.W.2d 664, 666 (Tex.App.—Ft. Worth 1982). Furthermore, a defendant's rights under the state act can be relinquished by an affirmative intentional waiver. *Evans v. State,* 678 S.W.2d 303, 304 (Tex.App.—Ft. Worth 1984). Because Petitioner knowingly signed a waiver and willingly participated in the delay of his retrial, we reject his claim that the state speedy trial act was violated.

■ In any event, federal consideration of a claim that a state has violated its own speedy trial rules is limited to a determination of whether the state's action has violated Petitioner's constitutional right to a speedy trial or to due process. *Wallace v. Lockhart,* 701 F.2d 719, 729 (8th Cir.) *cert. denied,* 464 U.S. 934, 104 S.Ct. 340, 78 L.Ed.2d 308 (1983). Constitutional speedy trial claims are resolved by using the balancing process set forth in *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101 (1972). The *Barker* Court described four factors for assessing such claims: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his rights; and (4) the prejudice to the defendant resulting from the delay.

■ Three interests of a defendant that a court should consider in assessing prejudice are: (1) to prevent oppressive pretrial incarceration; (2) to minimize the anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired.

■ The threshold consideration in applying the *Barker* test is whether the delay is of sufficient length to be deemed "presumptively prejudicial, thus requiring an inquiry into the other *Barker* factors." *Gray v. King,* 724 F.2d 1199, 1202 (5th Cir.) *cert. denied,* 469 U.S. 980, 105 S.Ct. 381, 83 L.Ed.2d 316 (1984). Because the present eighteen month delay falls within the range of delay considered "presumptively prejudicial" in this Circuit,[1] consideration of the three remaining *Barker* factors is appropriate.

■ Consideration of the remaining factors does not weigh in favor of petitioner's speedy trial claim. In large part the delay is attributable to the petitioner rather than to the state. Petitioner's motions for speedy trial were not consistent with his other actions. He and his counsel were engaged in ongoing plea negotiations which included an offer to testify at a trial in the future. Petitioner's waiver of the state speedy trial act together with the nature of his extended plea negotiations are evidence that his efforts were directed toward the cultivation of a favorable plea bargain and not toward an early trial date. As already stated, the finding that petitioner's motions were filed in order to create an issue to be kept in reserve and not in a sincere effort to obtain a speedy trial is supported by the evidence. Further the petitioner has not established any improper reason for the delay. Indeed, the conviction in petitioner's first trial belies the suggestion that the state intentionally delayed the retrial to gain some unspecified tactical advantage over petitioner.

The circumstances of this case mitigate the otherwise oppressive nature of an eighteen month pretrial incarceration. Pursu-

---

**1.** *See United States v. Greer,* 655 F.2d 51, 52 (5th Cir.1981) (11¾ month delay); *United States v. Carter,* 603 F.2d 1204, 1207 (5th Cir.1979) (16 month delay); and *United States v. Avalos,* 541 F.2d 1100, 1108 (5th Cir.1976) *cert. denied* 430 U.S. 970, 97 S.Ct. 1656, 52 L.Ed.2d 363 (1977) (15 month delay).

ant to Tex.Code Crim.Pro. art. 42.03 Sec. 2, (Vernon Supp.1987), Millard will receive credit on his 35 year sentence for the time he served pending retrial. *Gray,* 724 F.2d at 1204. It is apparent that Petitioner having been convicted once, was not eager to face another Texas jury and preferred instead to use his time served as leverage in the plea negotiation process.

Finally, Petitioner has failed to show that his defense was impaired by the delay of which he now complains. There is no evidence that any witness that his trial counsel wished to present was lost during the delay. Likewise petitioner does not contend that any physical evidence was destroyed or otherwise became unavailable for his second trial. Further, Petitioner had the benefit of a complete transcript from his first trial to assist him in preparing for the second. Millard has failed to meet his burden to show prejudice.

After consideration and balancing of the four *Barker* elements we conclude that Petitioner's Sixth Amendment speedy trial rights were not violated. Accordingly, Petitioner is not entitled to federal habeas relief on his speedy trial claim.

### 2. *Invalid Enhancement*

Petitioner asserts that his conviction in the present case was enhanced by a constitutionally invalid prior conviction. He contends that the prior conviction was based on a fatally defective charging instrument.

In this Circuit, the sufficiency of a state charging instrument "is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction." *Liner v. Phelps,* 731 F.2d 1201, 1203 (5th Cir.1984) quoting *Branch v. Estelle,* 631 F.2d 1229, 1233 (5th Cir.1980). "Jurisdiction to try an offense includes jurisdiction to determine whether the offense is properly charged." *Murphy v. Beto,* 416 F.2d 98, 100 (5th Cir.1969). Therefore, the question of whether a defective charging instrument deprived the state court of jurisdiction is foreclosed to a federal habeas court if "the sufficiency of the [charging instrument] was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case." *Liner,* 731 F.2d at 1203, quoting *Murphy,* 416 F.2d at 100.

■ Here, the sufficiency of the information and supporting affidavit underlying the conviction used for enhancement was presented to the Texas Court of Criminal Appeals by application for writ of habeas corpus. The Court of Criminal Appeals adopted the trial court's express findings that the information and supporting affidavit were not fundamentally defective and denied relief. Thus, the highest state court has held that the information and affidavit were sufficient for jurisdiction in the trial court. *See Alexander v. McCotter,* 775 F.2d 595, 599 (5th Cir.1985). Petitioner is not entitled to federal habeas relief on his claims of invalid sentence enhancement.

### 3. *Double Jeopardy*

The double jeopardy issue raised by petitioner poses two questions. First, did petitioner's retrial on the predicate offense of aggravated robbery constitute double jeopardy? Second, was petitioner subjected to double jeopardy by the use of the remaining valid prior conviction for enhancement in the penalty phase of the second trial?

During the guilt or innocence phase of the trial Petitioner was convicted of aggravated robbery. During a separate penalty phase of the trial, mandated by Texas law,[2]

---

**2.** The Texas Code of Criminal Procedure provides in part

> **Art. 37.07. [693] [770] [750] Verdict must be general; separate hearing on proper punishment**
>
> Sec. 2(a) In all criminal cases, other than misdemeanor cases of which the justice court or municipal court has jurisdiction, which are

tried before a jury on a plea of not guilty, the judge shall, before argument begins, first submit to the jury the issue of guilt or innocence of the defendant of the offense or offenses charged, without authorizing the jury to pass upon the punishment to be imposed.

(b) Except as provided in Article 37.071, if a finding of guilty is returned, it shall then be

the jury found the allegations of two prior felony convictions to be true. Petitioner was sentenced to life imprisonment as an habitual felony offender pursuant to Tex. Penal Code Ann. § 12.42(d) (Vernon 1974).[3] Petitioner appealed. The Texas Court of Criminal Appeals found one of the enhancing prior convictions to be void. Accordingly, it set aside Petitioner's original aggravated robbery conviction. Petitioner was then retried under an indictment alleging only one prior felony offense pursuant to Tex.Penal Code Ann. § 12.42(c) (Vernon 1974). He was again convicted of aggravated robbery and was sentenced in the penalty phase to a 35 year prison term as a repeat offender.

Petitioner argues that the reversal of his first trial was based on insufficiency of the evidence and was tantamount to acquittal. He contends that therefore, his second trial violated his right not to be placed twice in jeopardy for the same offense.

It is fundamental that the double jeopardy clause precludes a second trial if the reviewing court has found the evidence legally insufficient to support a conviction because such a reversal is tantamount to an implicit acquittal. *Burks v. United States,* 437 U.S. 1, 11, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1 (1978)[4]. Petitioner, however, is asking this Court to hold that the failure of proof in the enhancement phase of his first trial precludes retrial on even the substantive aggravated robbery charge contained in the indictment. Petitioner has erroneously construed his double jeopardy rights.

■ Proof of the prior enhancing conviction was not an essential element of the offense on which he was tried.[5] Insufficiency of the evidence to prove a prior conviction alleged for the purpose of sentence enhancement does not preclude a finding of guilt on the primary offense. On the contrary, the jury first found the petitioner guilty of aggravated robbery. Even if the jury had determined in the penalty phase that the allegation of the prior conviction was untrue, Petitioner would still have been adjudged guilty of aggravated robbery and properly sentenced to a suitable prison term. Thus, the finding on appeal that one of the enhancing convictions was void did not implicitly acquit petitioner of the primary offense of aggravated robbery. Retrial of the primary offense is not barred on the basis of double jeopardy.

We next consider whether Petitioner was subjected to double jeopardy in the penalty phase of his second trial.

---

the responsibility of the judge to assess the punishment applicable to the offense; provided, however, that (1) in any criminal action where the jury may recommend probation and the defendant filed his sworn motion for probation before the trial began, and (2) in other cases where the defendant so elects in writing at the time he enters his plea in open court, the punishment shall be assessed by the same jury. If a finding of guilty is returned, the defendant may, with the consent of the attorney for the state, change his election of one who assesses the punishment.

**3.** Texas Penal Code § 12.42 at the time in question provided in part:
 **§ 12.42. Penalties for Repeat and Habitual Felony Offenders**
 (c) If it be shown on the trial of a first-degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 15 years.

(d) If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life.

**4.** The *Burks* holding was applied to state prosecutions in the companion case of *Greene v. Massey,* 437 U.S. 19, 25, 98 S.Ct. 2151, 2154, 57 L.Ed.2d 15 (1978).

**5.** As in *Burks,* each of the cases relied on by Petitioner deal with a failure to prove an essential element of the crime charged in the first trial. *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Vachon v. New Hampshire,* 414 U.S. 478, 94 S.Ct. 664, 38 L.Ed.2d 666 (1974); *Carter v. Estelle,* 677 F.2d 427 (5th Cir.1982) *cert. denied* 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983).

The Supreme Court has applied the double jeopardy clause to the sentencing phase of a state capital murder trial. *Bullington v. Missouri,* 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981). The Court held that the double jeopardy clause precluded a second attempt to obtain a death penalty on retrial of a defendant initially sentenced to life imprisonment where sentencing procedures required proof of additional facts for a death penalty. *Id.* at 445, 101 S.Ct. at 1861. The Court stated "[T]he sentence of life imprisonment which petitioner received at his first trial meant that 'the jury has already acquitted the defendant of whatever was necessary to impose the death sentence.'" *Id.*

This Court has held that the double jeopardy clause applies to enhancement proceedings. *French v. Estelle,* 692 F.2d 1021, 1025 (5th Cir.1982), *modified on other grounds,* 696 F.2d 318 (5th Cir.), *cert. denied,* 461 U.S. 937, 103 S.Ct. 2108, 77 L.Ed.2d 313 (1983). This Court has also held that the implicit acquittal theory bars "a second enhancement proceeding in the sentencing phase of a trial where there has been a finding of insufficient evidence of *habitual offender status." Bullard v. Estelle,* 665 F.2d 1347, 1354 (5th Cir.1982), vacated and remanded,[6] 459 U.S. 1139, 103 S.Ct. 776, 74 L.Ed.2d 987 (1983) (emphasis added). The Court stated that: "resentencing [as an habitual offender following implicit acquittal on that issue] would require a second trial with the State having an unwarranted 'second bite at the apple'. The double jeopardy clause bars this second trial-like enhancement to life proceeding." *Id.* at 1362.

Recent decisions have clarified the law in this area. In *Stokes v. Procunier,* 744 F.2d 475, 484 (5th Cir.1984), the Court held that the double jeopardy clause precludes any future use for enhancement of a prior conviction insufficiently proven at the first sentencing proceeding. In *Briggs v. Procunier,* 764 F.2d 368, 373 (5th Cir.1985), the

Court stated "once the state has failed to prove that the defendant is an habitual offender with respect to a predicate offense, for example, the [aggravated robbery] here, it may not seek to sentence him as an habitual offender for the underlying crime." *See also, Ex Parte Gonzales,* 707 S.W.2d 570 (Tex.Crim.App.1986) (en banc); *Ex Parte Bullard,* 679 S.W.2d 12 (Tex. Crim.App.1984); *Carter v. State,* 676 S.W.2d 353 (Tex.Crim.App.1984) (en banc).

■ The above rules have not been violated in the present case. The state did not attempt to use the void conviction on retrial. It did not seek a second conviction of Petitioner as an habitual offender using the same aggravated robbery predicate crime. Instead, Petitioner was retried as a repeat offender pursuant to Tex.Penal Code Ann. § 12.42(c) (Vernon 1974), based on the remaining valid prior felony conviction. The state's successful attempt to sentence Petitioner as a "repeat offender" rather than as a "habitual offender" does not offend the double jeopardy clause.

### 4. *Ineffective Assistance of Counsel*

Millard charges ineffective assistance of counsel because of the failure of his trial counsel to secure the attendance of a number of witnesses at retrial despite Millard's request. "To succeed on this claim, [Petitioner] must satisfy the stringent test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and establish that his trial counsel's performance was deficient and that he was prejudiced as a consequence." *Glass v. Blackburn,* 791 F.2d 1165, 1170 (5th Cir.1986). Because we do not find that the performance of Millard's trial counsel was deficient, we do not address the prejudice component of the *Strickland* test.

An attorney's performance is measured by its reasonableness under prevailing pro-

---

**6.** Although the Supreme Court vacated the judgment in *Bullard v. Estelle,* 665 F.2d 1347 (5th Cir.1982), this Court has recognized continuing validity of the reasoning in *Bullard. Briggs v. Procunier,* 764 F.2d 368, 371 (5th Cir.1985).

fessional norms. *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2065. A defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, 104 S.Ct. at 2066. This presumption is especially suitable to claims of uncalled witnesses "because the presentation of witness testimony is essentially strategy and thus within the trial counsel's domain." *Alexander v. McCotter,* 775 F.2d 595, 602 (5th Cir.1985).

The witnesses identified by Petitioner fall into three categories: (1) character witnesses; (2) witnesses to hearsay statements allegedly made by Petitioner's accomplice; and (3) in the case of Dr. Charles Ruby, a witness to testify to the effect of Petitioner's abuse of drugs and alcohol.

 Petitioner's counsel testified that his decision not to offer character evidence was a deliberate trial strategy to avoid the possible introduction of otherwise inadmissible prior convictions. Obviously, the hearsay testimony of the second group of witnesses would not have been admissible at trial. The attorney's decision not to call these witnesses falls within the acceptable range of reasonable professional assistance. Finally, the effect of the evidence which Petitioner apparently desired to present through the testimony of Dr. Ruby is far too uncertain to provide a basis for second guessing the attorney's decision not to call him as a witness. We find no deficiency in counsel's performance in this respect.

Petitioner also attacks his trial counsel's performance with regard to his failure to press the speedy trial issue. The trial court determined that Millard's attorney discussed the speedy trial waiver with him and that he signed the waiver knowingly and intelligently. The findings in this re-

gard are supported in the record. In addition, we have already determined that Petitioner's state and federal speedy trial claims were without merit.

### 5. *Abuse of the Writ Sanctions*

 Plaintiff argues that the district court erred in failing to find that the Texas state court deprived him of due process of law by denying him a hearing before adjudicating him guilty of abuse of the writ process. The state court ruling denying Petitioner the opportunity to file further writs of habeas corpus was not a denial of petitioner's due process rights because a state has no constitutional duty to provide post conviction remedies. *Weiland v. Parratt,* 530 F.2d 1284, 1288 (8th Cir.), *cert. denied* 429 U.S. 847, 97 S.Ct. 130, 50 L.Ed.2d 118 (1976). Even if there was some error in the state denial of a hearing before adjudicating petitioner guilty of abuse of the writ process, this would not entitle Petitioner to federal habeas corpus relief because the complaint is an attack on a proceeding collateral to the detention and not the detention itself. *Williams v. State of Missouri,* 640 F.2d 140, 144 (8th Cir.), *cert. denied* 451 U.S. 990, 101 S.Ct. 2328, 68 L.Ed.2d 849 (1981). Petitioner has failed to make a showing of a denial of a federal right and consequently is not entitled to federal habeas corpus relief on this issue.

Accordingly, WE AFFIRM.