Commonwealth *v.* Martin, Appellant.

Argued March 10, 1958. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT and GUNTHER, JJ., absent).

Before SHERWOOD, P. J.

■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Victor Dell'Alba,* with him *Bergdoll & Dell'Alba,* for appellant.

*Jesse L. Crabbs,* First Assistant District Attorney, with him *Frank B. Boyle,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., June 11, 1958:

This is an appeal by the defendant from the judgments of sentences of the Court of Quarter Sessions of York County after her convictions for selling intoxicating liquor without a license in violation of the Liquor Code of April 12, 1951, P. L. 90, §491, 47 PS §4-491.

The defendant, Mary L. Martin, was the owner of a luncheonette business located at 121 W. Princess Street, York, and maintained living quarters at 123 W. Princess Street.

At 1:45 A.M. on March 9, 1957, two agents of the Pennsylvania Liquor Control Board entered the premises of the defendant and purchased a quantity of beer and whiskey in a small room in No. 123 connected by an archway to the luncheonette premises. They then proceeded to a room in the basement of 123 W. Princess Street where they made further purchases of alcoholic beverages.

The same two agents returned the following night, March 10, and observed sales being made to three men. When the agents asked to be served on March 10, however, they were refused. All of the sales were made by a Stanley Bailey, the boy friend of the defendant's daughter.

It is admitted by the defendant that the restaurant was licensed by the City of York in her name, and that she operated it until she went to jail to serve a sentence for illegal sale of intoxicating liquor, at which time she handed the operation of the restaurant over to her daughter. The defendant was released from jail on the 25th or 26th of February, 1957, but says that she did not take over the operation of the establishment from her daughter until the 15th or 16th of March. She contends that the evidence is insufficient to connect her with the unlawful sales, which were admittedly made.

The evidence establishes, however, that she was in the restaurant when the agents were there on the 9th and 10th; that she directed her daughter to get one of them a drink of water; that she refused to admit two people because they were "too young" and she didn't want to get into any more trouble with the liquor board. Although she was not present when the agents purchased the alcoholic beverages on the 9th, she was present the following day when others were served.

Bailey testified for the defendant that he sold intoxicating beverages on the premises but that he never sold any in the defendant's presence, and that she did not know that he was selling it, and that he bought it and kept the money received from the sales.

The case was tried before a jury which returned a verdict of guilty on both indictments. Upon appeal, therefore, this Court must draw all of the inferences from the evidence in the light most favorable to the Commonwealth.

The defendant's presence on the premises, and her control over them as indicated by the above circumstances is sufficient to permit a jury to find that she

knew and assented to the illegal sale of alcoholic beverages.

Proof of an unlawful sale by the servant or agent is prima facie evidence of assent thereto by the master or principal and will impose liability unless rebutted. *Commonwealth v. Jackson*, 146 Pa. Superior Ct. 328, 22 A. 2d 299 (1941). See also *Commonwealth v. Johnston*, 2 Pa. Superior Ct. 317 (1896).

In the present case it is apparent that the jury did not believe the testimony of the defendant and her witnesses.

Defendant also contends that there was no evidence that the sales made on March 10 were of alcoholic beverages. Officer Palmer testified "There were other people in the premises, there were people in the room drinking when I went in and he was—he had one jug of wine which may have had just a drink or two in it, but still he refused to sell me". Both officers testified that they had seen sales made before they were refused. The defendant stipulated that the purchases made on March 9 were purchases of alcoholic beverages of more than ½ of 1% alcohol. Although the testimony of the officers of the sales on March 10 is not as clear as it could be, in the light of the stipulation made concerning the beverages sold under the same circumstances the night before we think the jury could properly infer from the testimony of the officers that the sales made on the 10th were of alcoholic beverages.

Defendant relies in her brief upon the cases of *Commonwealth v. New*, 354 Pa. 188, 47 A. 2d 450 (1946) ; *Commonwealth v. Shiroff*, 131 Pa. Superior Ct. 565, 200 A. 2d 204 (1938) ; and *Commonwealth v. Bone*, 64 Pa. Superior Ct. 44 (1916), to the effect that the evidence required to sustain the conviction must pro-

duce a moral certainty of the guilt of the accused beyond any reasonable doubt.

The language of these cases, and of the whole line of cases on which the moral certainty doctrine was based, have been repudiated by the courts of this Commonwealth, and it is now clearly established that the moral certainty test has no place in the criminal law of Pennsylvania. *Commonwealth v. Kloiber*, 378 Pa. 412, 106 A. 2d 820 (1954) ; *Commonwealth v. Olitzky*, 184 Pa. Superior Ct. 144, 133 A. 2d 238 (1957). The rule now is "All that is required is that, the evidence being circumstantial, the circumstances proved should be such as reasonably and naturally to justify an inference of the guilt of the accused, and of such volume and quality as to overcome the presumption of innocence and satisfy the jury of the accused's guilt beyond a reasonable doubt." *Commonwealth v. Nasuti*, 385 Pa. 436, 123 A. 2d 435, 439 (1956) ; *Commonwealth v. Olitzky*, supra. Circumstantial evidence need not be such as to exclude every other reasonable possibility, except that of guilt. *Commonwealth v. Carey*, 368 Pa. 157, 82 A. 2d 240 (1951).

We are of the opinion that the evidence was sufficient for the jury to find the defendant guilty.

Judgments of sentences are affirmed, and it is ordered that appellant appear in the court below at such time as she may be there called, and that she be by that court committed until she has complied with her sentences or any parts thereof which had not been performed at the time the order of supersedeas was entered.