## Commonwealth *v.* Bell, Appellant.

Argued March 2, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Frank Townend,* for appellant.

*Charles D. Lemmond, Jr.,* Assistant District Attorney, with him *Albert H. Aston,* District Attorney, for appellee.

OPINION BY HIRT, J., April 16, 1959:

The defendant was convicted of burglary. He had demurred to the evidence, and after verdict he filed a

motion in arrest of judgment. The motion was denied by the court en banc and the defendant was sentenced. In this appeal he contends that the evidence against him was insufficient to sustain his conviction of the crime. Although the testimony was wholly circumstantial, the judgment of sentence must be affirmed.

A small grocery operated by one Frank Zearfoss at Mountaintop in Luzerne County was entered on the night of Friday, October 4, or early Saturday, October 5, 1957, and a large quantity of food products was removed from the premises. A pane of glass in the front door had been broken and access to the store had been gained by turning the latch on the inside of the door. There was evidence that the store had been ransacked and merchandise was scattered about. Behind and along a meat counter, six or seven dozen of broken eggs were on the floor where they had fallen. There was a print of a heel of a shoe in this egg material on the floor and photographs of the imprint were made by the State police. The witness Devine testified that, shortly before 1 a.m. on the night in question, as he passed the Zearfoss's market he noted an old Chrysler four-door sedan parked without lights directly in front of the building, with the left front door swung open. The witness Brandt testified that on his way home in Mountaintop shortly after 1 a.m. he saw a "dark four-door sedan" drive off the road and over three lawns, including his own front yard. He also identified the automobile as a ten or twelve year old Chrysler car. Because of the erratic course of the car he followed it, blowing his horn meanwhile, but the car did not stop. The driver was alone in the car and the witness could not identify him but he noted the license number which proved to be that of the defendant's automobile. The following morning a State police officer saw the defendant at his home. The defendant refused to talk

but at the officer's request he did produce the shoes which he had worn the night before. On the arch of the sole of the right shoe a foreign substance covered a spot which a chemical analysis identified as egg. The officer also inspected the defendant's car and found a piece of egg shell and a yellow substance (which was also found by the chemist to be egg) on the floor of the car between the clutch pedal and the brake. Fourteen dozens of eggs had been taken from the store and in the luggage compartment of defendant's car a block of wood and a burlap bag with egg stains upon them were found by the officer.

The photographs of the heel imprint on the floor of the store, when admitted in evidence, were compared with the heel of defendant's right shoe by a State police officer who testified that the heel marks were made by the defendant's shoe. The defendant, who heard this incriminating testimony at the trial, refused to make a comparison for himself.

The entire defense consisted in the testimony of three fellow employes of the defendant at the Faber-Eberhard plant in Mountaintop who said that, following a union meeting on the evening of the date of the crime, they remained in the V.F.W. Hall with the defendant until about 1 a.m. They all testified that defendant had been drinking heavily and that he became intoxicated, but none of them saw him leave the hall. The only statement made by the defendant as to what occurred on the night in question, was that because of excessive drinking, he could remember nothing.

The above recited circumstances, for the most part undisputed, demonstrate the validity of the verdict. In the absence of a recovery of any part of the stolen property, the jury did not convict the defendant of larceny charged in the second count of the indictment. But this fact does not affect the validity of the convic-

tion of burglary. The defendant eluded the witness Brandt one mile from the scene of the crime. Between that point and his home, more than 2 miles distant, there was ample opportunity for him to dump the stolen property at a spot where it would not be found. And in the light of the positive identification of defendant's car by its license number it is of no moment that it was an old Dodge and not a Chrysler.

A conviction of crime may rest wholly on circumstantial evidence. *Commonwealth v. Libonati,* 346 Pa. 504, 31 A. 2d 95. In *Commonwealth v. Marino,* 142 Pa. Superior Ct. 327, 16 A. 2d 314, our then President Judge KELLER suggested that: "When a crime charged is sought to be sustained wholly by circumstantial evidence the circumstances proved should be such as reasonably and naturally to justify an inference of the guilt of the accused, and should be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of the accused's guilt beyond a reasonable doubt." And ever since that case, to sustain a conviction it is no longer the law that: "The evidence of facts and circumstances must be such as to exclude to a moral certainty, every hypothesis but that of guilt of the offense imputed, or in other words the facts and circumstances must not only all be consistent with and point to the guilt of the accused, but they must be inconsistent with his innocence."

The suggestion of the *Marino* case has been followed in substance as the invariable rule of law defining the degree of proof required. And in *Commonwealth v. Kloiber,* 378 Pa. 412, 427, 106 A. 2d 820, the rule of the *Marino* case had literal adoption. In that case it was said: "We are of the opinion that the use of the words 'moral certainty' serves to confuse and befog the jury instead of enlightening and aiding them in determining whether the Commonwealth has convinced

them of the guilt of the defendant beyond a reasonable doubt, and that in the future it would be wiser if the charge did not contain any reference to 'moral certainty'". Cf. *Commonwealth v. Nasuti*, 385 Pa. 436, 445, 123 A. 2d 435; *Commonwealth v. Sauders*, 390 Pa. 379, 388, 134 A. 2d 890; *Commonwealth v. Martin*, 186 Pa. Superior Ct. 412, 142 A. 2d 467 and the decisions of our Supreme Court there cited.

The appellant urges his lack of motive as an important circumstance to be considered. There is evidence that the owner of the market was his friend and he was not in financial straits; he had a new steady job and he had been paid that day. But while motive may be an important factor yet on the trial of a defendant charged with a felony ". . . it is not incumbent on the Commonwealth, in order to make out a case, to prove the existence of any motive, much less of an adequate one": *Commonwealth v. Nasuti*, supra, p. 445.

At the trial, based on the evidence that defendant was intoxicated, it was argued that he was in no condition to conceive a criminal intent and therefore should have been acquitted. The degree of the defendant's intoxication was also a circumstance to be considered but the trial judge carefully and adequately charged the jury on this question, and in this appeal, by limiting the question to the sufficiency of the evidence, the defendant has conceded that there were no trial errors.

Judgment affirmed and it is ordered that defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence imposed or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.