## Commonwealth *v.* Morakis, Appellant.

Argued April 13, 1966. Before ERVIN, P. J., WRIGHT, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (WATKINS, J., absent).

*Emil W. Herman,* with him *Rothman, Gordon & Foreman,* for appellant.

*S. Frank Laveson,* Assistant Attorney General, with him *Raymond Kleiman,* Deputy Attorney General, and *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellee.

OPINION BY WRIGHT, J., June 24, 1966:

On July 24, 1964, an information was made before a justice of the peace in Allegheny County charging Nick Morakis with unlawfully employing a minor under the age of eighteen years without an employment certificate, a violation of Section 8 of the Child Labor Law. Act of May 13, 1915, P. L. 286, 43 P.S. 41 et seq. Morakis was convicted and fined $100.00. The County Court of Allegheny County granted leave to appeal. After a hearing in that tribunal, Morakis was again adjudged guilty and a like fine imposed. This appeal to the Superior Court followed.

Section 8 of the Child Labor Law (43 P.S. 49), reads as follows: "Before any minor under eighteen years of age shall be employed, permitted or suffered to work in, about, or in connection with, any establishment, or in any occupation, the person employing such minor shall procure and keep on file, and accessible to any attendance officer, deputy factory inspector, or other authorized inspector or officer charged with the enforcement of this act, an employment certificate as hereinafter provided, issued for said minor". Section 23 of the statute (43 P.S. 65), which is the penalty section, reads as follows: "Any person, or any agent or manager for any person, who shall violate any of the provisions of this act, or who shall compel or permit

any minor to violate any of the provisions of this act, or who shall hinder or delay any officer in the performance of his duty in the enforcement of this act, shall, upon conviction thereof, be sentenced to pay a fine, for a first offense, of not less than fifty ($50.00) dollars nor more than two hundred ($200.00) dollars, and, on a subsequent offense, to pay a fine of not less than one hundred ($100.00) dollars nor more than three hundred ($300.00) dollars, or to undergo an imprisonment of not more than ten days, or both, at the discretion of the court". Section 24 of the statute (43 P.S. 66), relating to enforcement, reads in pertinent part as follows: "All prosecutions for violations of this act shall be in the form of summary criminal proceedings, instituted before a magistrate, alderman or justice of the peace within the county wherein the offense was committed".

The record discloses that Morakis was a painting contractor who had agreed with the Duquesne Light Company to paint certain light towers in Jefferson Borough, Allegheny County, Pennsylvania. These towers were approximately ninety feet in height with side arms carrying high voltage wires. The side arms were made of aluminum and were not to be painted. The performance of the contract proceeded under the direction of Andrew Kantaras, the job foreman. On June 22, 1964, one Louis Samanthrakis, accompanied by his uncle, Mike Pagonis, came to the site and applied to Kantaras for work. This was a union job, and members of the union had to be at least nineteen years of age. Both Samanthrakis and Pagonis represented to Kantaras that Samanthrakis was nineteen, and Samanthrakis appeared physically to be of that age.[1] When

---

[1] Evidence was adduced that, in order to obtain a room at the McKeesport Y.M.C.A., Samanthrakis had executed a registration card asserting that he was nineteen. His high school principal tes-

Kantaras asked for his union card, Samanthrakis said he did not have it with him but would bring it in the following day, which was permissible under union rules. Kantaras then permitted Samanthrakis to commence work, instructing him to stay on the ground and scrape paint from the bases of the light towers. During his lunch hour, and in violation of his instructions, Samanthrakis climbed one of the light towers, walked out on a side arm, lost his balance and fell to his death. Subsequent investigation revealed that Samanthrakis was not a union member but was in fact a minor under eighteen years of age. On the day in question, Morakis was in Youngstown, Ohio. He had not authorized Kantaras to hire nonunion members or minors under age eighteen.

As stated in appellant's brief, two questions are presented by this appeal. First, may an individual be convicted for failing to obtain an employment certificate before employing a minor under eighteen years of age where the individual had no intent to violate the statute, and had no knowledge of the minor's true age because of affirmative misrepresentation that the minor was nineteen years of age. Second, may vicarious criminal liability be imposed upon an employer who had no intent to violate the statute, was not present in the Commonwealth at the time, and whose work foreman in employing the minor reasonably believed the minor to be over the age of eighteen years.

## I.

Criminal intent or guilty knowledge is generally an essential element of crimes at common law: *Commonwealth v. Weiss*, 139 Pa. 247, 21 A. 10. However, criminal intent or guilty knowledge need not be shown in

---

tified that he "was a heavy-set boy, dark haired, approximate weight about 185 pounds. I'd say five foot eleven in height, and looked much older than he was".

certain statutory offenses enacted under the state's police power: *Commonwealth v. Fine*, 166 Pa. Superior Ct. 109, 70 A. 2d 677. As stated by this Court, in *Commonwealth v. Liberty Products Co.*, 84 Pa. Superior Ct. 473, quoting Chief Justice COOLEY of the Supreme Court of Michigan, in *People v. Roby*, 18 N.W. 365: "Many statutes which are in the nature of police regulations, as this is, impose criminal penalties, irrespective of any intent to violate them, the purpose being to require a degree of diligence for the protection of the public which shall render violation impossible". Whether criminal intent or guilty knowledge is a necessary ingredient of a statutory offense is a matter of construction, to be determined from the language of the statute in the light of its manifest purpose and design: *Commonwealth v. Jackson*, 146 Pa. Superior Ct. 328, 22 A. 2d 299; *Commonwealth v. Gorodetsky*, 178 Pa. Superior Ct. 467, 115 A. 2d 760. The court below held that the Child Labor Law indicates a legislative purpose that violators of its provisions should be penalized regardless of lack of criminal intent or guilty knowledge.

The Commonwealth has cited *Mitchell v. Mione Mfg. Co.*, 112 Pa. Superior Ct. 394, 171 A. 114, for the proposition that a misstatement by a minor as to his age is not a defense in a civil action to recover damages for personal injuries. We are here concerned with a summary proceeding, on its face penal in nature. Nevertheless, the conclusion that criminal intent or guilty knowledge need not be shown seems to be mandated by the express language of the Supreme Court in *Commonwealth v. Koczwara*, 397 Pa. 575, 155 A. 2d 825. In that case, Mr. Justice COHEN made the following statement (italics supplied): "In recent decades, however, many states have enacted detailed regulatory provisions in fields which are essentially non-criminal, e.g., pure food and drug acts, speeding ordinances, building regu-

lations, *and child labor,* minimum wage and maximum hour legislation. . . The penalty is imposed despite the defendant's lack of a criminal intent or mens rea".

## II.

Kantaras is not the defendant in the instant proceeding. The uncontradicted testimony that Morakis was absent at the time and had not authorized employment of nonunion members or minors under eighteen was sufficient to rebut any presumption of assent on his part. Cf. *Commonwealth v. Martin,* 186 Pa. Superior Ct. 412, 142 A. 2d 467. As pointed out in the *Koczwara* case, supra, 397 Pa. 757, 155 A. 2d 825, the requirement of a mens rea differs from the imposition of vicarious absolute liability for the acts of another. Koczwara was convicted of permitting minors to frequent his tavern and permitting sales of beer to them in violation of the provisions of the Liquor Code.[2] He was sentenced to pay a fine and also to undergo imprisonment. The imposition of vicarious liability was sustained so far as the fine was concerned. There were two dissents.

A distinction exists between regulations affecting the liquor business, which is lawful only to the extent allowed by statute, and the hiring of an employe in an otherwise valid business. It may be said that the Liquor Code indicates an intention to impose vicarious criminal liability by providing that it is unlawful for any person "by himself or by an employe or agent" to commit certain offenses. In contrast, the Child Labor Law provides for violations by any person "or any agent or manager for any person". Vicarious criminal liability may not be imposed where the offense involved

---

[2] Act of April 12, 1951, P. L. 90, 47 P.S. 1-101 et seq.

is punishable by imprisonment. See Sayre, Criminal Responsibility For Acts of Another, 43 Harvard Law Review 689. With full knowledge of the *Koczwara* case, the legislature amended the penalty provision of the Child Labor Law by the Act of August 23, 1961, P. L. 1107, and continued to authorize punishment by imprisonment. Cf. *Commonwealth v. Wydo*, 38 Pa. D. & C. 2d 420; appeal quashed, 205 Pa. Superior Ct. 62, 208 A. 2d 12.

It should perhaps be noted that, in *Commonwealth v. Kempisty*, 191 Pa. Superior Ct. 602, 159 A. 2d 541, we refused to impose vicarious criminal liability for the offense of contributing to the delinquency of a child, where sales were made to a minor during the absence of the defendant-licensee and without her knowledge or assent. Judge WATKINS therein pointed out that it was the intention of our Supreme Court not to extend the doctrine of the *Koczwara* case "beyond its stated limited confines".

Individual guilt is a personal matter. It is our view that, on this record, appellant should not be stigmatized with a conviction for the perfectly understandable act of his foreman, not committed in appellant's presence or at his direction. The technically unlawful nature of Samanthrakis' employment would have been discovered the next day when he could not produce his union card. He was not "permitted or suffered" to work for an extended period. Cf. *People ex rel. Price v. Sheffield Farms-Slawson-Decker Co.*, 225 N.Y. 25, 121 N.E. 474. We are not persuaded that the concept of vicarious criminal responsibility should be applied in the instant case.

Judgment reversed and appellant discharged.