## Commonwealth v. Radebach

*Richard L. Campbell,* Assistant District Attorney, for Commonwealth.

*Tom I. Gill; Gill, Lederer & Sharp,* for defendant.

CAMPBELL, P. J., July 17, 1968.——Defendant was indicted for violating section 624(6) of The Vehicle Code, 75 PS §624(6). A jury returned a guilty verdict on June 11, 1968. Motions in arrest of judgment and for a new trial have been filed. The material facts are as follows:

The Secretary of Revenue suspended defendant's operating privileges for one year from April 18, 1966, to April 18, 1967. The assigned reason for the suspension was a conviction for operating during suspension. The suspension notice offered in evidence contained an additional requirement as follows:

"Proof of financial responsibility must be filed at the termination of your suspension before any consideration may be given for restoration".

Defendant admitted receiving the notice but denies any knowledge of the fact that he was required to furnish proof of financial responsibility. Defendant forwarded his license to the department and contends that he thereafter became a resident of Tiffin, Ohio, and became lawfully licensed as a motor vehicle operator in that State. On October 14, 1967, while driving a tractor trailer on a public highway in this county, he was stopped for a motor vehicle violation. Although he had a valid Ohio operator's license, he was again charged with violation of section 624(6) of The Vehicle Code.

Defendant's contentions are threefold: First, that he had a valid Ohio operator's license which permitted him to drive in this Commonwealth; secondly, that his one-year period of suspension had expired on April 18, 1967; and third, that he had no knowledge of the requirement that he must furnish proof of financial

responsibility and therefore that he did not knowingly violate the law or have any intent to do so.

We believe the law to be contrary to the position of defendant on all three points.

## RESIDENCE

We charged the jury that the residence of the defendant was immaterial. We are convinced that where a Pennsylvania resident has had his license suspended, he cannot thereafter drive on the highways of this Commonwealth until it has been restored. This is true even though he becomes a legal resident of another State and has a valid driver's license in that State: Commonwealth v. Manganaro, 32 D. & C. 2d 778 (1963) ; Fetter License, 42 D. & C. 2d 292 (1967).

## POST SUSPENSION PERIOD

Defendant contends that his suspension period was up approximately six months before the present arrest and that therefore he was operating legally in this State. The law is contra. Operating privileges are not automatically restored and it is incumbent upon defendant to take affirmative steps to have his license restored: Commonwealth v. Stodder, 27 D. & C. 2d 327 (1962) ; Commonwealth v. Ungar, 190 Pa. Superior Ct. 43 (1959). Defendant not having had his license restored could not drive lawfully in Pennsylvania on October 14, 1967.

## MENS REA

The final contention of defendant is that he believed his period of suspension was over on April 18, 1967, and that therefore he did not knowingly violate the provisions of The Vehicle Code at the time of his arrest. The jury was charged otherwise and we believe properly so.

Ordinarily, intent is a necessary ingredient of a criminal offense, although there are well recognized exceptions to this rule. The legislature may enact a

criminal statute that irrespective of the intent of the doer of an act or the purity of the motive by which it was prompted, knowledge or ignorance of the criminal character of the act may be immaterial circumstances in passing upon the question of the guilt of the accused: Commonwealth v. Unkrich, 142 Pa. Superior Ct. 591 (1940).

Criminal intent or guilty knowledge need not be shown in certain statutory offenses enacted under the State police power: Commonwealth v. Fine, 166 Pa. Superior Ct. 109 (1950); Commonwealth v. Gorodetsky, 178 Pa. Superior Ct. 467 (1955); Commonwealth v. Morakis, 208 Pa. Superior Ct. 180 (1966).

We believe that whether a criminal intent or guilty knowledge is a necessary ingredient of a statutory offense is a matter of construction to be determined from the language of the statute in the light of its manifest purpose and design: Commonwealth v. Koczwara, 397 Pa. 575 (1959). The statute in question merely states that it shall be unlawful for any person to operate a motor vehicle after his operating privilege is suspended and before it has been reinstated. The requirement of intent or knowledge is conspicuously absent. To require the Commonwealth to prove knowledge or intent in a case of a violation of The Vehicle Code, where the act does not require it, would lead to some absurd results. For example, if a defendant were charged with driving under the influence, we doubt the sanity of any court which would permit the defense that defendant was so intoxicated that he did not have the capacity to form a mens rea, or that he did not knowingly drive the car, or that he did not know it was wrong to drive while under the influence. The act of defendant in this case was voluntarily done. It violated a positive law which he is presumed to know. He therefore cannot be excused on the ground that he in-

tended no wrong. We therefore enter the following order:

And now, to wit, July 17, 1968, defendant's motions in arrest of judgment and for new trial are refused and rules therefor discharged. Defendant is directed to appear in court for sentencing as directed by the district attorney.