## Commonwealth v. Bross

*Jeffrey S. Orchinik,* for complainant.
*John M. McAllister,* for defendant.

MIMS, *J.,* July 23, 1980—These matters are before us on appeal from decisions of a district justice. Counsel for appellant and counsel for appellee appeared before the undersigned and requested that these cases be consolidated for purposes of this appeal and that they be decided upon the record re-

turned by the district justice, a stipulation of facts, and briefs. Since the legal issues involved in these appeals are substantially similar, and since there appears to be no genuine issue as to any material facts, the court acceded to the requests of the parties. The relevant facts set forth in the stipulation and the return of the district justice are as follows:

1. Appellant, Albert C. Bross, Jr., is the president, principal officer and sole stockholder of Complete Drywall Contracting, Inc.

2. On July 10, 1973 Albert C. Bross, Jr., as president of Complete Drywall Contracting, Inc., executed a "Carpenters Agreement Letter" pursuant to which Complete Drywall Contracting, Inc. agreed to be bound by and agreed to abide by the terms of the collective bargaining agreement entered into between the Metropolitan District Council of Philadelphia and Vicinity United Brotherhood of Carpenters and Joiners of America (hereinafter referred to as "Metropolitan District Council," "Carpenters Union" and/or "Carpenters") and the General Building Contractors Association, Inc., effective May. 1, 1973 to April 30, 1974. This collective bargaining agreement was to continue in full force and effect from year to year unless written notice of termination or amendment was served by either party.

3. On June 16, 1971 Albert C. Bross, Jr., as president of Complete Drywall Contracting, Inc., applied for membership in the Gypsum Drywall Contractors' Association of Philadelphia and thereafter agreed to be bound by the terms and conditions of any and all collective bargaining agreements entered into by the Gypsum Drywall Contractors' Association of Philadelphia and the Drywall Finishers Local Union No. 1955 (herein-

after referred to as the "Drywall Finishers" or "Local 1955").

4. The above-described collective bargaining agreements each contained terms pursuant to which Complete Drywall Contracting, Inc. agreed to make various fringe benefit contributions (including "dues check-offs") to various employe benefit funds which were established and maintained pursuant to said collective bargaining agreements and various trust plans and trust agreements. Said employe benefit funds shall be referred to as the appellees in this matter despite the fact that the Commonwealth of Pennsylvania would technically be the named party in interest or appellee.

5. During the approximate time period of July through October 27, 1977, Complete Drywall Contracting, Inc. knowingly failed and/or refused to remit approximately $4,400 to the Carpenters Health and Welfare Fund of Philadelphia and Vicinity, et al., on behalf of its covered employes despite receipt of numerous written demands from said funds and in violation of the collective bargaining agreement between the Metropolitan District Council and Complete Drywall Contracting, Inc.

6. During the approximate time period of April through September, 1977, Complete Drywall knowingly failed and/or refused to remit approximately $13,045.81 to the Drywall Finishers Employee Benefit Funds, despite receipt of numerous written demands by said Funds and in violation of the collective bargaining agreement between the Drywall Finishers Local Union No. 1955 and Complete Drywall Contracting, Inc.

7. On November 15, 1977 David G. Costello, on behalf of the Carpenters Health and Welfare Fund of Philadelphia and Vicinity, filed a criminal com-

plaint before the district justice against "Albert C. Bross, Jr., President individually, t/a Complete Drywall Contracting, Inc.," pursuant to section 11.1 of the Wage Payment and Collection Law of July 14, 1961, P.L. 637, as amended, 43 P.S. §260.11a. The acts or omissions alleged to have been committed by defendant were averred in the complaint as set forth below:

"The accused has knowingly and intentionally failed or refused to pay the amounts necessary to provide benefits to the Carpenter's Fringe Benefit Fund, the Carpenter's Pension Fund, the Carpenter's Union Fund, the Carpenter's Joint Apprenticeship Committee Fund, and the Industry Advancement Plan for the periods of July, August, and September 1977 in the amount of approximately $4,400.00 despite written demand dated September 6, 1977; October 21, 1977; and October 27, 1977 in violation of the Collective Bargaining Agreement between the Metropolitan District Council of Philadelphia and Vicinity, United Brotherhood of Carpenters and Joiners of America and the Complete Drywall Contracting, Inc."

8. On November 22, 1977 Albert C. Bross, Jr., as president of and on behalf of Complete Drywall Contracting, Inc., executed and filed a voluntary petition in bankruptcy in the United States District Court for the Eastern District of Pennsylvania. The debt owed by Complete Drywall Contracting, Inc. to the Carpenters Health and Welfare Fund is set forth in the bankruptcy petition's "Schedule of Creditors Having Unsecured Claims Without Priority" as $7,340.80. The amount owed to Drywall Finishers Local Union No. 1955 as set forth in the same schedule is $13,444.40. Proof of claims on behalf of the individual Carpenters and/or Drywall

Finishers as well as the appropriate Employee Benefit Funds have been filed or are in the process of being prepared for subsequent filing.

9. On March 29, 1978 appellant, Albert C. Bross, Jr., represented by counsel, appeared before the district justice and entered a plea of no contest to the criminal complaint described in paragraph 7, supra. Immediately thereafter, the district justice found appellant guilty of the summary offense alleged in the complaint, imposed a fine of $100 plus costs and ordered Albert C. Bross, Jr., personally, to make full restitution to the Carpenters Health and Welfare Fund of Philadelphia and Vicinity, et al., for the full amount alleged in the complaint. A timely appeal was taken from this sentence.

10. On May 2, 1978 Joseph Magro, on behalf of the Drywall Finishers Local 1955 Fringe Benefit Funds, filed a criminal complaint before the District Justice against "Albert C. Bross, Jr., President individually, T/A Complete Drywall Contracting, Inc." pursuant to section 11.1 of the Wage Payment and Collection Law of July 14, 1961, P.L. 637, as amended, 43 P.S. §260.11a. The acts alleged to have been committed by defendant were averred in the complaint as set forth below:

"The accused has knowingly and intentionally failed and/or refused to pay the amounts necessary to provide benefits to the Drywall Finishers Welfare, Pension and Vacation Funds for the periods April, May, June, July, August and September of 1977 in the amount of approximately $13,045.81, despite written demand dated October 24, 1977 and November 1, 1977, in violation of the Collective Bargaining Agreement between the Drywall Finishers Local Union 1955 and Complete Drywall Contracting, Inc."

11. On June 5, 1978 the district justice found the appellant, Albert C. Bross, Jr., guilty of the summary offense alleged in the criminal complaint described in paragraph 10, supra, and imposed a fine of $100 plus costs. A timely appeal was taken from this sentence.[1]

## DISCUSSION

Section 3(b) of the Wage Payment and Collection Law, as amended, 43 P.S. §260.3(b), provides:

"Every employer who by agreement deducts union dues from employes' pay or agrees to pay or provide fringe benefits or wage supplements, must remit the deductions or pay or provide the fringe benefits or wage supplements, as required, within 10 days after such payments are required to be made to the union in case of dues or to a trust or pooled fund, or within 10 days after such payments are required to be made directly to the employe, or within 60 days of the date when proper claim was filed by the employe in situations where no required time for payment is specified."

Section 11.1 of the Wage Payment and Collection Law, as amended, 43 P.S. §260.11a, provides:

---

1. Although the stipulation states that on June 5, 1978 the district justice "found the appellant guilty of the summary offense alleged by the Drywall Finishers, imposed a fine of $100 plus costs and ordered Albert C. Bross, Jr., personally, to make full restitution of the amount set forth in the Drywall Finishers complaint," the docket transcript returned by the district justice indicated only that "the defendant was found guilty and posted cost in the amount of $16.00 and fine in the amount of $100.00. Total Amount: $116.00." The docket transcript makes no mention of restitution. We resolve this conflict by relying on the written judgment of sentence signed by the district justice and find that Albert C. Bross, Jr. was not ordered to make restitution to the Drywall Finishers.

"(a) The secretary or any employe, group of employes, labor organization or party to whom any type of wages is payable may institute prosecutions under this act.

"(b) In addition to any other penalty or punishment otherwise prescribed by law, any employer who violates any provisions of this act shall be guilty of a summary offense and, upon conviction thereof, shall be punished by a fine of not more than three hundred dollars ($300), or by imprisonment up to 90 days, or by both, for each offense. The good faith contest or dispute by any employer of any wage claim or the good faith assertion of a right of set-off or counter-claim shall not be considered a violation of this act: Provided, That the employer has paid all wages due in excess of the amount in dispute or asserted to be subject to a right of set-off or counter-claim. Nonpayment of wages to, on account of, or for the benefit of each individual employe shall constitute a separate offense.

"(c) Where such employer is a corporation, the president, secretary, treasurer or officers exercising corresponding functions shall each be guilty of such summary offense."

After a thorough review of the stipulation of facts and the return of the district justice, we have no difficulty in finding that Complete Drywall Contracting, Inc. has violated section 3(b) of the Wage Payment and Collection Law, 43 P.S. §260.3(b), and that Albert C. Bross, Jr., by virtue of his position as president of Complete Drywall Contracting, Inc. at the time when the violations occurred, is guilty of two summary offenses under section 11.1(c) of the Wage Payment and Collection Law, 43 P.S. §260.11a(c).

Appellant asserts that these actions are governed by section 9(b) of the Wage Payment and Collection

Law of July 14, 1961, P.L. 637, sec. 9, 43 P.S. §260.9(b). This section provided that the penalties set forth therein were inapplicable "to any employer, once said employer is the subject of a petition in bankruptcy in a Federal district court. . . ." The 1977 revision of the Wage Payment and Collection Law (Act of July 14, 1977, P.L. 82), inter alia, repealed the former section 9, and added section 9.1, 43 P.S. 260.9a, in its place. Neither section 9.1 nor section 11.1, 43 P.S. §§260.9a and 260.11a, both of which address the subject of penalties for violations of the Wage Payment and Collection Law and both of which were effective July 14, 1977, contain any provision exempting an employer from the penalties provided therein by reason of the employer's status as the subject of a petition in bankruptcy in a Federal district court.

Some of the acts or omissions alleged in the Drywall Finishers' complaint, and perhaps in the Carpenters' complaint, occurred before the July 14, 1977 effective date of the amendments to the Wage Payment and Collection Law. We are not concerned with those acts or omissions which occurred prior to the July 14, 1977 effective date of these amendments, and our finding of guilty is not based on those acts or omissions. Both the Drywall Finishers' and the Carpenters' complaints allege acts or omissions occurring in August and September of 1977. Our finding of guilty is based only on those acts or omissions which occurred after the July 14, 1977 effective date of the amendment to the Wage Payment and Collection Law.

Appellant also asserts that the Wage Payment and Collection Law as it presently exists "is unconstitutional on its face and on its application herein since it has not been demonstrated that Albert C.

Bross, Jr., provided the necessary criminal scienter to hold him criminally responsible for his failure to satisfy the fringe benefits of the parties in interest and since such debts represent dischargeable debts under the laws and regulations of the Federal Court."

Our Superior Court in Com. v. Black, 251 Pa. Superior Ct. 539, 380 A. 2d 911 (1977), has indicated that appellant's argument concerning criminal scienter presents a question of statutory construction rather than of constitutional law. Section 11.1 of the Wage Payment and Collection Law, 43 P.S. §260.11a, which sets forth the criminal penalties for violation of the Wage Payment and Collection Law contains no reference to intention or knowledge or wilfulness. In Com. v. Grant, 235 Pa. Superior Ct. 357, 364-65, 341 A. 2d 511, 515 (1975), the court considered another statute[2] which created a criminal offense without including an express requirement of guilty knowledge, and stated:

"Ordinarily criminal intent or guilty knowledge is an essential element of a criminal offense. Commonwealth v. Junkin, 170 Pa. 194, 32 A. 617 (1895); Commonwealth v. Weiss, 139 Pa. 247, 21 A. 10 (1891); Commonwealth v. Morakis, 208 Pa. Superior Ct. 180, 220 A.2d 900 (1966); Commonwealth v. Fine, 166 Pa. Superior Ct. 109, 70 A. 2d 677 (1950). However, the legislature may define a crime so that proof of criminal intent or guilty knowledge is not necessary. Commonwealth v. Morakis, supra, Commonwealth v. Fine, supra. 'It

2. Act of April 29, 1959, P.L. 58, sec. 624, as amended August 27, 1963, P.L. 1353, sec. 1, 75 P.S. §624.

is for the legislature to determine whether the public injury, threatened in any particular matter, is such and so great as to justify an absolute and indiscriminating prohibition.' Commonwealth v. Koczwara, 397 Pa. 575, 582, 155 A. 2d 825, 828 (1959), cert. denied, 363 U.S. 848 (1960), quoting from Commonwealth v. Weiss, supra at 251, 21 A. at 10. Therefore, whether criminal intent or guilty knowledge is a necessary ingredient of a statutory offense is a matter of construction, to be determined from the language of the statute and from its manifest purpose and design. Commonwealth v. Koczwara, supra; Commonwealth v. Weiss, supra; Commonwealth v. Fine, supra."

In Com. v. Koczwara, 397 Pa. 575, 580, 155 A. 2d 825, 827-28 (1959), our Supreme Court described this type of statute stating:

"In recent decades . . . many states have enacted detailed regulatory provisions in fields which are essentially non-criminal, e.g., pure food and drug acts, speeding ordinances, building regulations, and child labor, minimum wage and maximum hour legislation. Such statutes are generally enforceable by light penalties, and although violations are labeled crimes, the considerations applicable to them are totally different from those applicable to true crimes, which involve moral delinquency and which are punishable by imprisonment or another serious penalty. Such so-called statutory crimes are in reality an attempt to utilize the machinery of criminal administration as an enforcing arm for social regulations of a purely civil nature, with the punishment totally unrelated to questions of moral wrongdoing or guilt. It is here that the social interest in the general well-being and security of the populace has been held to outweigh the

individual interest of the particular defendant. The penalty is imposed despite the defendant's lack of a criminal intent or mens rea."

In the instant case, the Wage Payment and Collection Law is the type of statute described in Koczwara, supra. It is regulatory and aimed at increasing the public welfare. Both the literal language of the statute and the subject matter of the prohibition indicate a legislative intent to dispense with the element of mens rea. Prior to the 1977 amendment of the Wage Payment and Collection Law, the section providing for penalties, Act of July 14, 1961, P.L. 637, sec. 9, 43 P.S. §260.9, provided:

"(b) Penalties. Any employer who *wilfully* violates any provision of this act shall be guilty of a summary offense and, upon conviction thereof, shall be punished by a fine of not less than fifty dollars ($50) nor more than two hundred dollars ($200) or by imprisonment of not less than ten days or more than sixty days, or by both, for each offense. The good faith contest or dispute by any employer of any wage claim or the good faith assertion of a right of set-off or counter-claim shall not be considered a *wilful* violation of this act: Provided, That the employer has paid the employe all wages due in excess of the amount in dispute or asserted to be subject to a right of set-off or counter-claim. . . ." (Emphasis supplied.)

The 1977 amendments revised the Wage Payment and Collection Law by, inter alia, adding section 11.1, 43 P.S. §260.11a (set forth in relevant part, supra), which increased the penalties, eliminated the element of "wilfulness" as a requirement for the imposition of penalties, and imposed penalties on certain officers of corporations which violate the Wage Payment and Collection Law.

Appellant also argues that the instant cases are barred by the pendency in the United States District Court for the Eastern District of Pennsylvania of bankruptcy proceedings involving Complete Drywall Contracting, Inc. Appellees assert that ". . . the case at bar involves the conviction of Albert C. Bross, Jr. and not the conviction of a separate and distinct entity—the bankrupt corporation—Complete Drywall Contracting, Inc."

Both of the criminal complaints which initiated these proceedings name as defendant, "Albert C. Bross, Jr., President individually, T/A Complete Drywall Contracting, Inc." Both docket transcripts returned by the district justice name as defendant, "Albert C. Bross, Jr., President individually, T/A Complete Drywall Contracting, Inc." This manner of indicating the defendant is ambiguous and confusing to say the least.

Although it might appear as if both Albert C. Bross, Jr. and Complete Drywall Contracting, Inc. were defendants in both cases before the district justice, several factors indicate that the parties and the district justice considered Albert C. Bross, Jr. to be the only defendant. The references to defendant appearing in each of the docket transcripts refer to the defendant rather than the defendants. The records indicate that in each case only one fine and costs were paid, and that same were paid by Albert C. Bross, Jr. The appellees, who were complainants below, assert that Complete Drywall Contracting, Inc. was not named as a defendant and " . . . was not involved in the criminal proceeding instituted against Albert C. Bross, Jr., in his *individual* capacity." (Emphasis in original.) These factors lead us to conclude that the case at bar does not involve Complete Drywall Contracting, Inc., and thus it is

not barred by the bankruptcy proceedings involving Complete Drywall Contracting, Inc.

After finding Albert C. Bross, Jr. guilty of the summary offense alleged in the Carpenters Fund's complaint, the district justice ordered him to make restitution to the Carpenters Fund for the full amount alleged in the complaint. Upon affirming a summary conviction, we would not ordinarily reduce the sentence even though it is one which we might not have imposed in the first instance. Judicial policy is not served by decisions which encourage appeals in order to obtain a reduced penalty from a different judge. However, we have grave doubts about the wisdom of establishing a precedent[3] by imposing restitution as a part of a sentence imposed pursuant to 43 P.S. §260.11a(c) on the record before us.

The stipulation states that "Complete Drywall Contracting, Inc. knowingly failed and/or refused to remit" the fringe benefits in question. It does not state that Albert C. Bross, Jr. did anything other than enter into the collective bargaining agreements "as President of Complete Drywall Contracting, Inc."; plead no contest to the criminal complaint filed by the Carpenters Fund; and execute and file a petition for bankruptcy "as President and on behalf of Complete Drywall Contracting, Inc." The stipulation contains no statements characterizing any acts or omissions of Albert C. Bross, Jr. It does not describe his connection to Complete Drywall Contracting, Inc. and its violations of the Wage Payment and Collection Law in

---

3. After extensive research, we have been unable to find a single reported case in which restitution has been imposed as a part of a sentence imposed upon officers of a corporation under 43 P.S. §260.11a(c).

any manner other than that he was president, principal officer, and sole shareholder of the corporation. The stipulation does not describe the circumstances in which the violations of the Wage Payment and Collection Law occurred.

Were we to order Albert C. Bross, Jr. to make restitution as a part of his sentence, such an order would be based on no evidence other than that he was the president of a corporation which violated the Wage Payment and Collection Law.[4] In view of the potential personal liability which such an order would create for certain corporate officers, without any requirement of complicity in the violations, we will not order restitution. Our decision is also influenced by the fact that the amendments which imposed penalties on certain corporate officers also provided an extensive scheme for enforcement of the Wage Payment and Collection Law through civil remedies against employers. This scheme provides not only for judgment against the employer for wage claims, but also for liquidated damages, penalties and costs.

## ORDER

And now, July 23, 1980, defendant, Albert C. Bross, Jr., is found guilty of the two summary offenses charged. Defendant is sentenced to pay the costs of prosecution and a fine of $100 on each of the two offenses charged.

---

4. Such a sentence would be imposed solely on the basis of his status as president of the corporation, since the Wage Payment and Collection Law provides no penalties for shareholders. Additionally, there is no evidence that Albert C. Bross, Jr. ignored corporate formalities or otherwise abused the corporate form in any way which would justify piercing the corporate veil to hold him liable for corporate debts.