J-A23040-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
STEVE WARGO, JR., :
:
Appellant : No. 1875 WDA 2013

Appeal from the Judgment of Sentence entered on October 25, 2013
in the Court of Common Pleas of Washington County,
Criminal Division, No. CP-63-SA-0000352-2012

BEFORE: DONOHUE, ALLEN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED SEPTEMBER 30, 2014**

Steve Wargo, Jr. ("Wargo") appeals from the judgment of sentence imposed following his summary conviction of violating a local property maintenance ordinance.[1] We affirm.

Wargo occupies a parcel of real property located at 19 Parkview Drive, Richeyville, Pennsylvania (hereinafter "the Property").[2] Wargo is 74 years-old, and has resided at the Property since 1971. At the time of trial, the open areas and yard of the Property contained large quantities of junk and

---

[1] The ordinance in question (hereinafter referred to as the "Ordinance") is Borough of Centerville, Pennsylvania (hereinafter, the "Borough"), local ordinance No. 93-07 § 6. The Ordinance is appended to the Trial Court's Pa.R.A.P. 1925(a) Opinion, dated January 23, 2014.

[2] Wargo contends that he is not the owner of the Property; rather, it is owned by the estate of his late father. However, Wargo admits he is the sole heir to his father's estate.

scrap metal (hereinafter referred to as "the junk"). The junk had been at the Property for many years.

In April 2011, Borough authorities notified Wargo that he was in violation of the Ordinance,[3] and that if he did not remove the junk from the Property, he would be cited and fined. Approximately eleven months later, the Borough cited Wargo for violating the Ordinance. Five months later, the Borough issued a second citation. Wargo appealed the citation.

In September 2012, Wargo appeared before a Magisterial District Judge, who found that Wargo had violated the Ordinance, and imposed a $300 fine. Wargo filed a *de novo* appeal.

In June 2013, the trial court conducted a hearing at which it heard testimony from Wargo and the Borough police officer who had cited him, Police Chief David Simon ("Chief Simon"). Wargo stipulated to the violation of the Ordinance, but argued that he should not be cited because he had made a good faith effort to remove some of the junk from the Property. The trial court scheduled the matter for another hearing on October 25, 2013, in order to provide Wargo with a final opportunity to remedy the condition of the Property. Specifically, the trial court stated that (1) "[t]he Court expects [Wargo] to make substantial reclamation progress between now and the next scheduled hearing[;]" and (2) Borough employees may

---

[3] Section 6 of the Ordinance pertains to the maintenance and appearance of yards, open lots, and parking areas. It prohibits, *inter alia*, "[o]bjectionable materials to accumulate and to be blown about the surrounding neighborhood." Ordinance No. 93-07 § 6(3).

take pictures of the Property to confirm whether Wargo had complied with the court's Order. Order, 6/13/13.

At the hearing on October 25, 2013, Wargo testified that he had hired an individual who removed some of the junk, and that approximately 15,000 tons had been removed. Chief Simon responded that although Wargo had made minimal progress, the majority of the junk remained. In support, Chief Simon presented photographs that were admitted by the trial court. At the conclusion of the hearing, the court found that Wargo had failed to make adequate progress in removing the junk, and observed that approximately 2½ years had elapsed since Wargo was first cited. Accordingly, the trial court found Wargo guilty and imposed a fine of $300 plus costs.

Wargo timely filed a Notice of Appeal. In response, the trial court ordered Wargo to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Wargo timely filed a Concise Statement.

Wargo presents the following issues for our review:

I. Is weigh[]ing non[-]sequential photographic evidence over documentary and oral evidence of tonnage removed, days worked, type of equipment used, and cost[] an abuse of discretion sufficient for a grant of a new trial?

II. Where a court makes a "good faith" performance of an act or acts a condition [sic] of [] its Order, can it then claim that "culpability requirements are inapplicable to a summary offense"?

III. Is finding criminal culpability on the part of a legatee of an estate[,] rather than the estate entity or part of the fiduciary[,] an error of law[?]

Brief for Appellant at 1 (capitalization omitted; issues renumbered for ease of disposition).

Wargo has waived his first issue, as he did not present it in his court-ordered Rule 1925(b) Concise Statement. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) (holding that "[a]ny issues not raised in a 1925(b) statement will be deemed waived."); *see also* Pa.R.A.P. 1925(b)(4)(vii) (providing that "[i]ssues not included in the Statement … are waived.").

We next address Wargo's second and third issues simultaneously.[4] *See* Brief for Appellant 4-6. Wargo avers that he had removed over 15,000 tons of material from the Property after the trial court ordered him to rid the Property of junk, and, according to Wargo, the trial court improperly rejected his defense of having acted in good faith. *Id.* at 5. Wargo emphasizes that he is elderly, in ill health, and has limited physical and financial ability to remove the enormous quantity of junk. *Id.* at 2, 5. Finally, Wargo contends that he cannot be convicted of violating the

---

[4] We observe that Wargo's brief is defective in that he failed to cite virtually any case law, and he presents scant substantive argument, addressing all of his issues in a narrative fashion in one section. *See* Pa.R.A.P. 2119(a) (mandating that an appellant develop an argument with citation to and analysis of relevant legal authority). However, we will not deem Wargo's remaining issues waived on this basis.

Ordinance because he was not the owner of the Property, as it was owned by his father's estate. *Id.* at 4.

In its Rule 1925(a) Opinion, the trial court addressed Wargo's claims as follows:

> The trial court viewed pictures of [the P]roperty and it was clear that [Wargo] was collecting or storing a substantial amount of scrap [metal] and junk. The trial court afforded [Wargo] four months to make substantial progress in ridding the [P]roperty of the … junk. Although [Wargo] was making progress, it was not material in the eyes of the trial court. The trial court's assessment was based upon the photographs in Exhibit 2, which were taken by [Chief Simon] in August 2012 (the month of [the] last citation issued against [Wargo])[,] and the photographs … taken by [Chief] Simon in October 2013 (just before [the October 25, 2013] hearing on the summary citation). From these photographs and the credible testimony of [Chief] Simon, the trial court concluded it was self-evident that [Wargo] had not made substantial progress in removing [the] junk from [the P]roperty.[FN] For these reasons, the trial court determined that [Wargo] was guilty of violating the [] [O]rdinance because the Commonwealth met its burden [] beyond a reasonable doubt.
>
> > [FN] [] Chief Simon testified, "[t]he only difference I notice since we were here last on this case [is] there was an old school bus on the [P]roperty that has been removed and a vehicle that ha[s] been moved. As far as the other trash and accumulation that was on the [P]roperty, I don't know – there appears in the photographs to be just as much now [a]s there was then." [N.T., 10/25/13, at] p. 6.
>
> [Wargo's] defense of good faith has no merit. Culpability requirements are inapplicable to summary offenses unless the requirement involved is so noted in the definition of the offense. 18 Pa.C.S.A. § 305; ***Commonwealth v. Jackson***, [22 A.2d 299, 301] ([Pa. Super.] 194[1]). Guilty knowledge or intent is not an essential element for a conviction of the ordinance in question; same are not a part of the definition. As such, "good faith" is not a defense. [***See Jackson, supra***; ***see also Commonwealth v. Koczwara***, 155 A.2d 825, 827-28 (Pa.

1959) (stating that "many states have enacted detailed regulatory provisions in fields which are essentially non-criminal …. Such statutes are generally enforceable by light penalties, and although violations are labelled crimes, … the punishment [is] *totally unrelated to questions of moral wrongdoing or guilt*." (emphasis added)); ***Commonwealth v. Morakis***, 220 A.2d 900, 902 (Pa. Super. 1966) (same).] Therefore, the trial court submits that its verdict and sentence should be sustained.

Regarding the issue that [Wargo] was the owner of the [P]roperty in question, the [] [O]rdinance define[s] an owner of property as follows:

[A]ny person or persons, jointly or severally, firm, corporation or other entity which, either by conveyance or inheritance or otherwise, is vested with the title to a lot and/or improvements thereto or who retains the exclusive control of such a lot and/or improvements thereto in his capacity as a legal representative, such as an administrator, trustee, executor, etc.

\* \* \*

[Trial Court Opinion, 1/23/14, Attachment 1, section 3.]

On direct examination, [Wargo] testified that he has lived on the [P]roperty since 1971[,] and that the [P]roperty is owned by his father's estate. [N.T., 6/3/13, at] p. 7-8. Further, he was the only heir to his father's estate. ***Id.*** Therefore, [Wargo] had dominion and control of the [P]roperty as defined and intended by the [O]rdinance.

Trial Court Opinion, 1/23/14, at 2-4 (unnumbered; footnote in original; some citations omitted).

Our review discloses that the trial court's foregoing analysis is supported by the record and the law, and we therefore affirm on this basis. ***See id.*** Although we empathize with Wargo and the herculean task of

removing the enormous amount of junk from the Property, we must affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2014