Nashua District Court
No. 2010-610

NASHUA HOUSING AUTHORITY

v.

WENDY WILSON

Argued: June 15, 2011
Opinion Issued: September 15, 2011

*Gormley & Gormley, P.C.*, of Nashua (*Arthur O. Gormley, III* on the brief and orally), for the plaintiff.

*New Hampshire Legal Assistance*, of Nashua (*Elliott Berry* on the brief and orally), for the defendant.

DUGGAN, J. The defendant, Wendy Wilson (tenant), appeals a decision of the Nashua District Court (*Bamberger*, J.) ruling that she breached her lease with the plaintiff, Nashua Housing Authority (NHA or landlord). We reverse.

The record supports the following facts. The tenant rents an apartment in a public housing development in Nashua. The lease provides that the tenant "shall not engage in . . . [a]ny drug related criminal activity on or off NHA property." It further states that any drug-related criminal activity "shall be cause for termination of tenancy, and for eviction from the unit." *See* 42 U.S.C. §1437d(*l*)(6) (2006) (setting forth requirement that public housing lease agreements must include a provision for mandatory lease termination for a tenant's drug-related criminal activity); 24 C.F.R. § 966.4(*l*)(5)(i)(B) (2010) (same).

On May 11, 2010, after reading in a newspaper about the tenant's arrest, the landlord sent her an eviction notice. The landlord then brought a possessory action against the tenant for breaching her lease as a result of her "arrest[] for three counts of sale of a narcotic drug" and being "charged with three counts of unlawful sale of morphine." *See* RSA 318-B:2 (Supp. 2010). The tenant had not yet been tried on any of these counts.

At the trial of the eviction proceeding, the landlord introduced into evidence the three criminal drug complaints through the testimony of Sergeant Frank Sullivan of the Nashua Police Department. The complaints stated that on three occasions the tenant "unlawfully did dispense and sell a certain narcotic drug, to wit: morphine."

At trial, Sergeant Sullivan provided the following testimony:

> Q. Sergeant Sullivan, were you personally involved with the purported purchasing of drugs at 57 Tyler Street?

A. Yes, I was.

Q. And how were you personally involved?

A. I oversaw, or supervised, the controlled purchase of morphine from the defendant.

. . . .

Q. And what did you see or notice with respect to [the undercover detective's] conduct?

A. On the 5th and the 7th, I was positioned in the immediate area in one of the adjacent parking areas on surveillance and observed the detective enter the building with the cooperating individual.

Q. Did you see the detective leave the building?

A. Yes, sir. Several minutes later with the cooperating individual.

Q. And then did you take — did you undertake any activity as the supervisor of this unit after that occurred?

A. Yes, sir. I debriefed the detective, as well as we did obtain one-party authorization for recordings, and I have listened to the recordings during this investigation.

Q. Recordings of whom?

A. Of the defendant.

Sergeant Sullivan did not testify as to the content of the recordings. He testified that the tenant was subsequently arrested and charged with the sale of a controlled drug. The trial court found that there was "compelling evidence to suggest that [the tenant had] engaged in the sale of narcotic drugs contrary to [New Hampshire] law [and] the lease between the parties" and ordered eviction. This appeal followed.

The tenant contends that the criminal complaints and Sergeant Sullivan's testimony are not sufficient evidence to prove that she breached her lease by engaging in drug-related criminal activity. The landlord argues that the evidence and circumstances before the trial court are sufficient to meet its burden of proof.

■ "On appeal, we review sufficiency of the evidence claims as a matter of law and uphold the findings and rulings of the trial court unless they are lacking in evidential support or tainted by error of law." *Fisher v. Minichiello*, 155 N.H. 188, 190 (2007). We view the evidence in the light most favorable to the plaintiff. *Comer v. Tracey*, 156 N.H. 241, 246 (2007). A public housing authority may evict a tenant for one of six statutory reasons, including "[f]ailure of the tenant to comply with a material term of

the lease." RSA 540:2 II(c) (2007) (amended 2010). "In a civil action the burden of proof is generally on the plaintiff to establish its case by a preponderance of the evidence." *State v. Lavoie*, 155 N.H. 477, 481 (2007) (quotation omitted).

■■ We first address the probative value of the complaints. The tenant argues that the complaints have insufficient probative value and likens them to indictments, relying on *Moody v. Cunningham*, 127 N.H. 550, 554 (1986). In *Moody*, we addressed whether an indictment is sufficient evidence to prove that a defendant violated his parole. *Id.* at 553. We held it is not because "[a]n indictment represents the conclusion of a grand jury that probable cause exists to believe that a defendant has committed a particular crime," but a parole violation must be proven by a higher preponderance of the evidence standard. *Id.* at 553-54. Similarly, complaints only require a showing of probable cause, making them functionally equivalent to indictments with regard to their probative value. Accordingly, complaints, like indictments, do not satisfy the preponderance of the evidence burden of proof. *See Landers v. Chicago Housing Authority*, 936 N.E.2d 735, 739, 742 (Ill. App. Ct. 2010) (ruling that an individual who had been arrested nine times in three years, but never convicted, remained qualified for public housing because arrests did not prove that he had been involved in criminal activity). Thus, something more than the three complaints is required to prove that the tenant breached her lease.

■ We next address whether Sergeant Sullivan's testimony provides sufficient additional evidence to satisfy the landlord's burden. He testified that an officer and a cooperating individual entered the building where the tenant lives and exited a few minutes later. He testified that he also listened to "recordings" of the tenant during the investigation. While he did identify the tenant as the person on the recordings, he did not testify as to what was said on the recordings or how they related to any criminal activity. He did not identify, nor did he testify that the undercover officer or the cooperating individual identified the tenant as the person who sold the controlled substance. Indeed, he did not testify that the undercover officer or the cooperating individual ever saw or spoke to the tenant at any time while in the building. Although Sullivan's testimony corroborated the claim that a sale of a controlled substance occurred, he offered no testimony that the tenant sold the substance or was even in the building when the sale of the controlled substance occurred. In other words, Sullivan's testimony failed to show that this particular tenant was in any way involved in the sale of a controlled substance.

This case is factually indistinguishable from *Vachon v. New Hampshire*, 414 U.S. 478, 480 (1974), where the United States Supreme Court reversed

the conviction of a store owner for contributing to the delinquency of a minor by selling her an obscene button because the store owner was never identified as the person who sold the button. The Court observed that the minor "went to some person in the store . . . and paid that person 25 cents for the button. She did not say that [the store owner] was that person, or even that she saw him in the store." *Id.* at 479-80. Thus, there was insufficient evidence to prove that the store owner "personally sold the girl the button or even that he was aware of the sale or present in the store at the time." *Id.* at 479. Similarly, here Sullivan never identified the tenant as the person who sold the controlled substance or testified that she was even present at the time of the sale.

 In order to evict a tenant for drug-related criminal activity, a landlord must prove by the preponderance of the evidence that the tenant engaged in such activity. *See Lavoie*, 155 N.H. at 481. Although this does not require proof that the tenant "has been arrested or convicted for such activity," 24 C.F.R. § 966.4(*l*)(5)(iii)(A), the criminal complaints and Sullivan's testimony about an alleged drug-related crime do not meet that burden. Because the trial court's finding lacks evidentiary support, it erred in concluding that the landlord met its burden of proving that the tenant breached her lease by engaging in criminal activity.

*Reversed.*

DALIANIS, C.J., and HICKS, CONBOY and LYNN, JJ., concurred.