# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0039, <u>Nicole Pittore v. Dan LeBlanc & a.</u>, the court on October 17, 2018, issued the following order:**

The plaintiff's motion to strike documents or handwritten notes on documents in the defendants' appendix that were not exhibits at trial or pleadings filed in the small claim case is granted. <u>See</u> <u>Sup. Ct. R.</u> 13. The plaintiff's motion for late entry of her objection to the defendants' motion to strike is also granted. The defendants' motion to strike documents in the plaintiff's appendix is denied; the record supports the plaintiff's contention that the challenged documents were exhibits at trial. <u>See</u> <u>id</u>. Having considered the briefs and portions of the record that are properly before us, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm in part, vacate in part, and remand.

The defendants, Dan LeBlanc and Rebecca LeBlanc, appeal a small claim judgment of $7,651 plus costs and interest entered by the Circuit Court (<u>Sadler</u>, J.) in favor of the plaintiff, Nicole Pittore, on her claim for damages arising out of a residential lease. We construe their brief to argue that the trial court erred by: (1) awarding the plaintiff $2,400 in unpaid rent, and not crediting them with a $2,400 security deposit that the plaintiff had applied toward the unpaid rent; (2) finding that the plaintiff incurred $1,616.47 in attorney's fees and costs in an eviction proceeding, and awarding her that amount; and (3) finding that they breached the lease by damaging carpets, and awarding the plaintiff an amount to compensate her for replacing the carpets.

We will uphold the trial court's findings and rulings unless they lack evidentiary support or are legally erroneous, deferring to the trial court's judgment on issues such as resolving conflicts in the testimony, evaluating the credibility of the witnesses, and determining the weight of the evidence presented at trial. <u>Vincent v. MacLean</u>, 166 N.H. 132, 134 (2014). We view the evidence in the light most favorable to the plaintiff. <u>Nashua Hous. Auth. v. Wilson</u>, 162 N.H. 358, 360 (2011).

At the outset, we agree with the plaintiff that, to the extent the defendants contend that their eviction violated the terms of the lease, they are precluded from challenging the propriety of the eviction by the judgment entered against them in the eviction. <u>See, e.g.</u>, <u>Gray v. Kelly</u>, 161 N.H. 160, 164-67 (2010) (holding that doctrine of res judicata barred action for recovery of personal property when plaintiff had opportunity to litigate his right to the property in prior domestic violence proceeding). Accordingly, we reject the

defendants' contention that the plaintiff was not entitled to an award of attorney's fees because the underlying eviction was allegedly without merit.

The evidence establishes that the defendants entered into a residential lease with the plaintiff that expired on June 30, 2016. Under the lease, the defendants owed monthly rent of $2,400. The lease required the defendants to surrender the premises following the lease term "in as good order and condition as the same [were] at [the lease's] commencement," with "reasonable wear and tear excepted." In the event the defendants failed to surrender possession at the end of the lease term, the lease provided that, "with the consent of [the plaintiff], a new month-to-month tenancy shall be created between the parties subject to the same terms and conditions of this Agreement." The lease entitled "[t]he prevailing party in any lawsuit or alternative dispute resolution forum utilized to enforce the terms of this Agreement . . . to their costs and fees, including attorney's fees, spent in connection therewith."

The defendants paid a security deposit of $2,400 at the beginning of the lease. They also paid rent for each month of the lease term with the exception of June 2016. When the plaintiff requested the June rent payment, defendant Dan LeBlanc told her that she could retain the security deposit in lieu of rent, a proposal she rejected. On June 15, 2016, the plaintiff filed her small claim, seeking $2,400 in rent and $750 in attorney's fees for a total claim of $3,150. The defendants failed to vacate the property by June 30, and the plaintiff successfully brought an eviction proceeding. The defendants vacated the property on July 23, 2016, and paid the plaintiff $1,780.66 in prorated rent.

On July 28, 2016, the plaintiff sent the defendants a letter acknowledging that the $1,780.66 rent payment covered their July occupancy, but asserting that they had caused damages of $18,000 to the property and had caused her to incur $1,600 in attorney's fees. She notified the defendants that she would retain the $2,400 security deposit and $38 in interest that had accrued on it in order to compensate her for the June 2016 rent and alleged property damages, and demanded that they pay her an additional $19,562.

On August 24, 2016, the plaintiff moved to amend her small claim complaint, asserting that she had paid $1,600 in attorney's fees, and not the $750 that she had initially pleaded, and that the defendants had caused approximately $18,000 in damages to the property. She also represented that the defendants had paid $1,780.66 in rent for their July 2016 occupancy, that she had "applied the $2,400 deposit to the June rent," and that she owed the defendants $38 in interest on the security deposit. Thus, she requested that she be allowed to seek recovery of the attorney's fees and damages, which she claimed amounted to "over $19,562," to be capped at the $10,000 jurisdictional limit. See RSA 503:1, I (Supp. 2017). The trial court granted the motion.

2

At trial, the plaintiff testified that the defendants did not pay rent for June 2016. Her counsel conceded, however, "that the [$]2,400 that [the defendants] left for last month's rent, the security deposit sets that off, but there's all these other damages . . . in the property where that [$]2,400 should have — security deposit — shouldn't have been applied to rent." The plaintiff introduced evidence that she had paid $1,616.47 in attorney's fees and costs related to the eviction. She also introduced photographs of what she asserted were damages to the property, including photographs of walls, doors, a deck, tiles, and carpeting, estimates for various repairs to the property, and evidence that she had in fact paid $3,750 to replace carpeting. The defendants generally disputed that they had caused the damages claimed by the plaintiff, or that the damages she claimed were beyond "reasonable wear and tear."

Following trial, the trial court entered judgment for the plaintiff "in respect to carpets, rent for one month and attorney's fees," for a total amount of $7,651. In context, we construe the decision as necessarily rejecting any claim for property damages other than the damages to the carpets. See In the Matter of Salesky & Salesky, 157 N.H. 698, 702 (2008) (interpretation of trial court order is a question of law, which we review de novo).

Upon this record, we agree with the defendants that the trial court erred by awarding the plaintiff "rent for one month" without also crediting them with the $2,400 security deposit. Both the plaintiff in her motion to amend, and her attorney at trial, acknowledged that she had retained the security deposit and $38 in interest on it, and that she had applied the deposit toward the June 2016 rent. Under these circumstances, the plaintiff was not entitled to recover an additional $2,400 in rent. Cf. Kelleher v. Marvin Lumber & Cedar Co., 152 N.H. 813, 851 (2005) (stating that the trial court properly instructed jury that the plaintiff could not recover more than once for the same loss).

We reject the plaintiff's argument that the trial court "reasonabl[y] found that [the plaintiff] was justified in setting off against the . . . security deposit" the damages that she claimed the defendants had caused in addition to the $3,750 that she paid to replace the carpets. The trial court made no such finding, express or implied. To the contrary, it expressly entered judgment only with respect "to carpets, rent for one month and attorney's fees." As noted above, the entry of judgment for those items necessarily implies that the court did not find in the plaintiff's favor for the remaining items of damage that she sought.

To the extent the defendants challenge the entry of judgment in the plaintiff's favor on her claims for attorney's fees and damages to the carpets, the evidence, when construed most favorably to the plaintiff, supports the trial court's decision. Wilson, 162 N.H. at 360. It was for the trial court to weigh the evidence and evaluate the parties' credibility. Vincent, 166 N.H. at 134. Any additional arguments in the defendants' brief are not sufficiently developed to warrant further consideration. State v. Blackmer, 149 N.H. 47, 49 (2003).

3

It is unclear how the trial court arrived at its damages award of $7,651. The evidence establishes that the plaintiff could have sustained no more than $5,328.47 for the damages that the trial court awarded other than rent — that is, the $3,750 that the plaintiff testified to have paid to replace carpets plus the $1,616.47 that she testified to have paid her attorney, less the $38 in interest on the security deposit that she testified to have retained. Accordingly, we vacate the damages award of $7,651, and direct the trial court, upon remand, to recalculate the plaintiff's damages award in accordance with this order.

<u>Affirmed in part; vacated in part; and remanded</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**